481 So.2d 812 (1985)
A.B. JOHNSON
v.
Annie Mae FRANKLIN.
No. 55855.
Supreme Court of Mississippi.
December 11, 1985.
*813 Kenneth Mayfield, Tupelo, for appellant.
Kenneth M. Burns, Okolona, for appellee.
Before PATTERSON, C.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This appeal presents generally the question of what pleading and service is required of a defendant in a multi-party civil action before she may obtain relief of and from a codefendant. The appeal arises in the context of a partition suit wherein one of the defendants herself claimed for partition but never served a cross-claim upon her co-defendants. The trial judge allowed this "cross-claimant" to proceed as though the issues presented in her claim were triable in the then existing state of the pleadings. Because we construe our rules of civil practice to require in such circumstances the prior service of a cross-claim, which demands relief of and from cross-defendant, we reverse.

II.
On January 13, 1983, James G. Anderson filed in the Chancery Court of the First Judicial District of Chickasaw County, Mississippi, a partition action with respect to the following described property located and situated in the First Judicial District of Chickasaw County, Mississippi, to-wit:
The Northeast Quarter of Section 15, Township 13, Range 4 East, Chickasaw County, Mississippi, LESS AND EXCEPT twenty (20) acres, more or less, being the North Half of the Northwest Quarter of the Northeast Quarter of Section 15, Township 13, Range 4 East.
On June 17, 1983, Anderson filed an amended complaint for partition alleging there that he and sixteen others owned the land as tenants in common. Anderson caused to be served all sixteen defendants including the unknown heirs of three other parties. Among the Defendants so named were A.B. Johnson, the Appellant here, and Annie Mae Franklin, the Appellee, here.
On July 27, 1983, Appellant A.B. Johnson and fifteen others filed an answer asserting, inter alia, that James G. Anderson had no legal or equitable interest in the property in question and denying the right of Anderson to partition.
On August 22, 1983, Annie Franklin, Appellee here, entered her appearance and filed her separate answer and included therein an "Affirmative Matter and Claim". In her claim Franklin alleges that she owns an undivided one-eighth interest in the property and
asks for the partition of said property and for her pro rata share of the sale derived therefrom.
Significantly, neither A.B. Johnson nor any of the other defendants are named cross-defendants in this pleading. No relief is expressly demanded of and from them. Furthermore, the certificate of service by Franklin's attorney reflects service upon James G. Anderson, the original plaintiff, by service upon his attorney. The certificate *814 fails to reflect any service upon Johnson or his counsel.
In this state of the pleadings, the matter went to trial where a substantial dispute developed between Johnson and Franklin as to whether Franklin owned an interest in the property. Annie Mae Franklin claims an undivided one-sixteenth interest in the property as follows: Elsie Franklin owned an undivided one-eighth interest. Elsie Franklin was married to Emmitt Franklin at the time Elsie Franklin died intestate. Surviving her was a daughter by a previous marriage, and her husband, Emmitt Franklin. He, accordingly, acquired via descent and distribution half the interest of Elsie Franklin. Emmitt Franklin thereafter married Annie Mae Franklin and by virtue of Emmitt Franklin's death intestate, without other heirs, Annie Mae Franklin inherited the undivided one-sixteenth interest.
A.B. Johnson claims that during his lifetime Emmitt Franklin conveyed his interest in the property to A.B. Johnson via a quitclaim deed. Accordingly, under Johnson's theory there was nothing for Annie Mae Franklin to inherit at the death of Emmitt. Annie Mae Franklin denies the conveyance.
When, during the course of trial, Annie Mae Franklin began to assert her claim to the Emmitt Franklin interest, Johnson objected on grounds of surprise and that no cross-claim had been filed or served upon Johnson. The trial judge overruled the objection holding that "the ownership of the land is an integral part of the partition in question". Thereafter, the trial judge opined that:
In regard to the objection by the Defendants [A.B. Johnson, et al] of not being prepared and in need of time in which to prepare their opposition to the claim of Annie Mae Franklin, the court reaffirms its ruling that that interest is a matter that has been pled from the outset and certainly is no surprise.
In the end the chancery court held that Annie Mae Franklin was the owner of an undivided one-sixteenth interest in the property, an interest which Johnson claims he owns by virtue of the deed from Emmitt Franklin.[1] From this ruling, A.B. Johnson appeals and asserts, inter alia, that the trial judge had no authority to make such a ruling in the absence of a properly asserted and served cross-claim.

III.
Without hesitation the claim of Annie Franklin to that undivided interest in this Chickasaw County property claimed by A.B. Johnson is one adjudication of which is within the subject matter jurisdiction of the chancery court. This being a post-January 1, 1982, case, its procedural aspects are governed by the Mississippi Rules of Civil Procedure. Appendix B to the Rules makes clear that partition actions are within our new Civil Rules, the effect of the Rules being that
Actions seeking a partition of realty or personalty [Miss. Code Ann. §§ 11-21-5 through -73, generally] shall be conducted in accordance with M.R.C.P. in courts subject to same.
This is consistent with prior statutory practice that partition suits were to be conducted according to the same rules of practice or procedure as applied in other suits in chancery court. Miss. Code Ann. § 11-21-7 (1972).
We begin with the basics: a cross-claim coupled with the cross-claimant's answer to the complaint is one of those pleadings allowed under the Rules. Rule 7(a), Miss. R.Civ.P.
Rule 13(g), Miss.R.Civ.P.,[2] states:
A pleading may state as a cross-claim any claim by one party against a co-party ... relating to any property that is the subject matter of the original action.
*815 Annie Franklin was certainly empowered to file and serve a cross-claim upon A.B. Johnson had she wished to do so. Our question is whether the "claim" Franklin attached to her answer is adequate to subject Johnson to an adjudication of his claim to the disputed interest.
A cross-claim, like any other pleading which states a claim, must by virtue of Rule 8(a), Miss.R.Civ.P., contain:
(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and,
(2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.
The claim filed by Franklin sets forth Franklin's claim to an interest in the property. Its deficiencies, however, are twofold: The claim makes no demand for relief against A.B. Johnson, and, perhaps more importantly, the claim was never served upon Johnson. The record reflects that, prior to the time Franklin filed her claim, Johnson had entered his appearance by his counsel. Rule 5(b), Miss.R.Civ.P. authorized service of a cross-claim by service upon counsel. Franklin's claim, however, by its express terms and on its face was served only upon counsel for James G. Anderson, the original plaintiff.
The trial judge was of the opinion that Franklin's claim was before the court because
the ownership of the land is an integral part of the partitioning question.[3]
No doubt this is true, but it does not carry us far. That the determination of the state of title is "an integral part" of a partition case is sufficient to bring the question within the subject matter jurisdiction of the court. It is similarly adequate as a matter "relating to any property that is the subject matter of the original action", making the cross-claim one that may be filed under Rule 13(g). Here, however, the trial judge has given us no clue or assistance in answering the question whether this cross-claim was subject to adjudication in this action in this state of the pleadings.
We are confronted here, however, with the question of whether cross-claimant Franklin can assert her claim without having filed and served a cross-claim against Johnson. Rule 13(g) provides that such a cross-claim may be filed. It does not say "must". It is nevertheless a fundamental tenet of pleading practice under the Mississippi Rules of Civil Procedure that a party cannot expect to maintain an action against a co-party without having first filed and served a pleading stating the claim and requesting relief from the cross-defendant. Cf. Wickstrom v. Ebert, 101 F.R.D. 26, 31 (E.D.Wis. 1984). In this setting it matters not that Franklin's claim was on file and that counsel for Johnson reasonably might have ascertained that his client's rights were in jeopardy.[4] Surprise is not the test. Regularity in pleading is of principal importance *816 here and requires in this context the filing of a cross-claim demanding relief of and from the cross-defendant and the service of that cross-claim upon the cross-defendant as provided by law. Compare Witt v. Mitchell, 437 So.2d 63, 66 (Miss. 1983). Put otherwise, a claim may not be proceeded upon at trial unless it is pleaded in such a form that the party against whom it is asserted is subject to default if he fails to respond. Because this was not accomplished in the case at bar, the judgment below must be vacated and the case remanded, this remand being without prejudice to the rights of either party to the contested interest in the land, for those rights were not properly before the Court and therefore were not properly adjudicated.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] It appears that James G. Anderson, the original plaintiff, had little or no interest in the undivided interest disputed between Franklin and Johnson.
[2] A discussion of cross-claims under Rule 13(g) may be found in Robertson, Joinder of Claims and Parties  Rules 13, 14, 17 and 18, 52 Miss. L.J. 37, 63-70 (1982).
[3] The trial judge's comment no doubt emanates from the perception of some that a partition suit is an action in rem. See State Ex Rel. State park Board v. Tate, 365 Mo. 1213, 295 S.W.2d 167, 168 (1956); D'Autremont v. Anderson Iron Co., 104 Minn. 167, 172, 116 N.W. 357, 360 (1908); but see, Madruga v. Superior Court, 346 U.S. 556, 74 S.Ct. 298, 98 L.Ed. 290 (1954), which holds that proceedings for partition of interests in a vessel are in personam in nature. We tend to forget that "all proceedings, like all rights, are really against persons" and that labels such as in rem "are fictions, conveniently expressing the nature of the process and the result, nothing more". Tyler v. Judges of the Court of Registration, 175 Mass. 71, 76-77, 55 N.E. 812, 814 (1900) (per Holmes, C.J.). Shaffer v. Heitner, 433 U.S. 186, 207, 97 S.Ct. 2569, 53 L.Ed.2d 683, 699-700 (1977) republished this insight, insisting that proceedings in rem were in reality proceedings regarding the interests of identifiable persons in a thing. It is elementary that before one person may require another to submit to an adjudication of the other's important rights, the person making the claim must (a) file a pleading demand relief of and from the other and (b) have the other "served" with process or as otherwise required by law.
[4] Franklin's claim  in its present state  may have been tried by agreement of the parties or by "acquiescence". Cf. Rules 15(b), Miss.R. Civ.P.; Wasik v. Borg, 423 F.2d 44 (2d Cir.1970). Johnson's timely objection, however, precludes any suggestion of agreement or acquiescence here.