502 So.2d 317 (1987)
Dorothy J. NOBLE
v.
Eli W. NOBLE.
No. 57295.
Supreme Court of Mississippi.
February 4, 1987.
*318 C. Everette Boutwell, Laurel, for appellant.
Eli W. Noble, pro se.
En Banc.
PRATHER, Justice, for the Court:
The extent to which in personam judgment may be rendered after service of summons upon a non-resident pursuant to M.R.C.P. 4 is the subject of this appeal. The Chancery Court of Jones County declined to enter a money judgment against the defendant/appellee when summons was effected by publication and by mailing of a copy by non-certified first class mail.
Appellant appeals asserting that a summons upon a non-resident defendant and first class mailing by the court clerk provided in personam jurisdiction to render a money judgment. This Court affirms the trial court.

I.
Dorothy J. Noble and Eli W. Noble were married June 5, 1956, in Ellisville, Mississippi and from that union two children were born. The husband/appellee was permanent military personnel in the United States Armed Forces and claimed Mississippi as his residence at all times pertinent here until his retirement from the military on May 15, 1984. The parties separated in Frankfurt, Germany on January 10, 1982, when the appellant returned to Jones County, Mississippi. After retirement, appellee resided in Columbia, South Carolina, where he still resides.
Dorothy Noble filed for a divorce, attorneys' fees, alimony, and other relief on October 22, 1985, and summons upon the defendant was issued by non-resident publication in the newspaper. Copy of the publication notice was mailed, first class, to defendant at his post office address in Columbia, South Carolina. The defendant did not answer the complaint or make any other response. On January 31, 1986, the chancery court granted Dorothy Noble a divorce, but retained jurisdiction to award permanent alimony, attorney's fees and other relief, including a division of the defendant's military retirement pay pursuant to the Uniformed Services Former Spouses' Protection Act. 10 U.S.C. § 1408, pending sufficient process upon the defendant.
Thereafter, on February 7, 1986 appellant filed a motion to alter the final decree regarding the monetary items on the ground that the court erred in ruling that it had no jurisdiction to render a personal judgment. From a denial of the motion this appeal was pursued.

II.
The issue presented here is whether summons issued under Mississippi Rule of Civil Procedure 4(c)(4)(C) is sufficient to confer personal jurisdiction over a non-resident defendant for purposes of rendering a monetary judgment against such defendant.
Mississippi Rules of Civil Procedure were first adopted effective January 1, 1982, which rules contained within them Rule 4 *319 regarding process. Thereafter, by order of this Court, Rule 4 was amended by deletion and substitution of the following language: "[P]rocess shall be issued and served in the form and manner proscribed by statute" effective May 1, 1982. On December 28, 1984, this Court by order adopted present Rule 4 to be effective in all civil actions filed after March 1, 1985, which order stated that the rule controlled over any statute.
For purposes of this opinion, Rule 4(c)(4)(A) and Rule 4(c)(4)(C) were the sections followed for summons upon Eli Noble as a non-resident defendant as follows:
(4) By Publication
(A) If the defendant in any proceeding in a chancery court, or in any proceeding in any other court where process by publication is authorized, by statute, be shown by sworn complaint or sworn petition, or by a filed affidavit, to be a non-resident of this state or not to be found therein on diligent inquiry and the post office address of such defendant be stated in the complaint, petition, or affidavit, or if it be stated in such sworn complaint or petition that the post office address of the defendant is not known to the plaintiff or petitioner after diligent inquiry, or if the affidavit be made by another for the plaintiff or petitioner, that such post office address is unknown to the affiant after diligent inquiry and he believes it is unknown to the plaintiff or petitioner after diligent inquiry by the plaintiff or petitioner, the clerk, upon filing the complaint or petition, account, or other commencement of a proceeding, shall promptly prepare and publish a summons to the defendant to appear and
... .
(C) It shall be the duty of the clerk to hand the summons to the plaintiff or petitioner to be published, or, at his request, and at his expense, to hand it to the publisher of the proper newspaper for publication. Where the post office address of the absent defendant is stated, it shall be the duty of the clerk to send by mail (first class mail, postage prepaid) to the address of the defendant, at his post office, a copy of the summons and complaint and to note the fact of issuing the same and mailing the copy, on the general docket, and this shall be the evidence of the summons having been mailed to the defendant.
This section of the rule follows closely the old statute Miss. Code Ann. § 13-3-19 (Supp. 1972) under which statute personam jurisdiction was not acquired.
There is an additional section in Rule 4(c)(5) providing for an alternative method of service on non-residents as follows:
(5) Alternate Service on Person Outside State. In addition to service by any other method provided by this rule, a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "restricted delivery." Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."
This rule is somewhat analogous to the old statutory procedure in child support cases for personal jurisdiction over non-resident defendants of Miss. Code Ann. § 93-11-67.
In this case, the plaintiff followed Rule 4(c)(4)(A) by publication and a mailing of the publication, first class mail service, postage prepaid, to the defendant at his post office address. The question is whether the forum court in Mississippi has personal jurisdiction over the non-resident defendant in South Carolina under federal and state laws. The United States Supreme Court has set forth the federal constitutional requirements in Kulko v. California Superior Court, 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132, 140 (1978), in this language:
The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests *320 of nonresident defendants. See Shaffer v. Heitner, 433 U.S. 186, 198-200, 53 L.Ed.2d 683, 97 S.Ct. 2569 [2577] (1977). It has long been the rule that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. Pennoyer v. Neff, 95 U.S. [(5 Otto)] 714, 732-733, 24 L.Ed. 565 (1878); International Shoe Co. v. Washington, 326 U.S. [310] at 316, 90 L.Ed. 95, 66 S.Ct. 154 [158], 161 ALR 1057. The existence of personal jurisdiction, in turn, depends upon the presence of reasonable notice to the defendant that an action has been brought. Mullane v. Central Hanover Trust Co., 339 U.S. 306, 313-314, 94 L.Ed. 865, 70 S.Ct. 652 [656-657] (1950), and a sufficient connection between the defendant and the forum State as to make it fair to require defense of the action in the forum. Milliken v. Meyer, 311 U.S. 457, 463-464, 85 L.Ed. 278, 61 S.Ct. 339 [342-343], 132 ALR 1357 (1940). In this case appellant does not dispute the adequacy of the notice that he received, but contends that his connection with the State of California is too attenuated, under the standards implicit in the Due Process Clause of the Constitution, to justify imposing upon him the burden and inconvenience of defense in California.
Applying these federal standards, as well as our state standards for summons, this Court concludes that the defendant/appellee had more than sufficient nexus with the forum state of Mississippi to satisfy the latter requirement. As to the requirement of adequate notice to the defendant, this Court concludes that, absent some proof of defendant's receipt of summons, the reasonableness of notice is questionable. It is acknowledged that the mail was not returned to the clerk, but this Court holds that at the trial court level, the adequacy of notice test is not met for rendition of a monetary judgment.[1] There can be no "valid judgment imposing a personal obligation or duty in favor of the plaintiff" against this defendant under this process.
This summons does not confer personal jurisdiction over the defendant without answer or general appearance by the defendant. This publication method under M.R.C.P. 4(c)(4)(C) does not authorize rendition of a personal judgment against the defendant without his appearance. Campbell v. Campbell, 357 So.2d 129 (Miss. 1978).
Had the plaintiff followed the procedure of Rule 4(c)(5) and secured service of process by certified mail, return receipt requested, restricted delivery, personal jurisdiction over the defendant to render a personal judgment would have been accomplished under the facts of this case.
It is noteworthy to add, however, that notwithstanding this Court's holding that the Chancery Court of Jones County properly held that it could not render a personal monetary judgment against the non-resident defendant on this summons, it was not totally without jurisdiction. The Chancery Court did have jurisdiction over the subject matter of the divorce action and personal jurisdiction over one of the parties to the marriage who did meet residency requirements for a divorce action. Miss. Code Ann. § 93-5-5 (Supp. 1986). This statutory authority and the publication notice gives the chancery court its authority to grant a divorce on constructive notice by publication. Amis, Divorce & Separation in Mississippi § 250, p. 343; Bunkley & Morse's Amis, Divorce & Separation in Mississippi § 15.00(2) p. 276 and § 15.01(7) p. 288.
This appeal is affirmed, but without prejudice to allow plaintiff to file new pleadings and secure proper process for a trial on issues retained by the chancery court.
AFFIRMED.
*321 WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
ROBERTSON, J., concurring in part, dissenting in part.
ROBERTSON, Justice, concurring in part, dissenting in part:
In its timidity induced no doubt by memories of the past the Court this day holds that one may be a little bit pregnant.
The record before us reflects that Eli W. Noble, a non-resident of this state, was one amenable to the service of process emanating here under familiar principles of both federal and state constitutional and statutory law. See Kulko v. Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). Without doubt, Rule 4(c), Miss.R. Civ.P., prescribes in the alternative several constitutionally permissible methods of effecting service of process upon Noble, notwithstanding his residence in Columbia, South Carolina.[1] Specifically, Rule 4(c)(4) authorizes service by publication upon such a nonresident and, insofar as I can determine, the record reflects service wholly in compliance with the requirements of Rule 4(c)(4). The majority does not suggest otherwise. Eli W. Noble has thus been effectively subjected to in personam jurisdiction in the Chancery Court of Jones County, Mississippi.
The majority holds, nevertheless, that this penetration of Noble's civil integrity by this state's long arm has rendered him but a little bit pregnant. His rights respecting the marital res and his rights respecting his children may radically be affected; indeed, they may be terminated. Insofar as his pocketbook is concerned, he retains his virginity.
No doubt there was a time when we proceeded upon the fiction that a nonresident wholly subject to in personam jurisdiction in this state's courts for purposes of dissolution of the marital relationship and *322 making provision for custody of children was nevertheless immune from an equally personal and arguably not nearly so important judgment respecting his or her money. Johnson v. Johnson, 191 So.2d 840, 842-43 (Miss. 1966). I had thought that day a part of our past, as nothing in Rule 4(c)(4), effective March 1, 1985, purports to continue this fiction that one can be a little bit pregnant for in personam jurisdiction purposes.
The view of the majority that service under Rule 4(c)(4) rendered Eli W. Noble just a little bit pregnant is also a throw back to the time when we regarded jurisdiction in personam and jurisdiction in rem as very, very different legal creatures. Time and reflection have eroded this grand division of jurisdictional concepts espoused most prominently in Pennoyer v. Neff, 95 U.S. (5 Otto) 714, 24 L.Ed. 565 (1878). Holmes taught us that "all proceedings, like all rights, are really against persons." Tyler v. Judges of the Court of Registration, 175 Mass. 71, 76, 55 N.E. 812, 814 (1900); see also Johnson v. Franklin, 481 So.2d 812, 815 n. 3 (Miss. 1985). The conceptual distinction[2] between jurisdiction in personam and jurisdiction in rem received its fatal blow in Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).[3] Perhaps inadvertently, the majority attempts its resurrection today.
The ultimate anomaly is at the end of the majority opinion where, notwithstanding the judicially declared impotence of Rule 4(c)(4), we find it written that service of process by certified mail, return receipt requested, in compliance with Rule 4(c)(5), Miss.R.Civ.P., would have conferred personal jurisdiction over Noble sufficient that a personal (presumably "monetary") judgment could have been rendered against him.[4] Rule 4(c)(5) provides for direct mail service upon a non-resident otherwise constitutionally amenable to adjudication of his important rights in this state. At its core, the impotent Rule 4(c)(4), providing for service by the requirement of publication, is identical. It merely adds publication of the summons among the legal notices of a newspaper, where it will doubtless never be seen, to the duty of the clerk of the court to mail the summons and complaint to the non-resident defendant at his post office address. Assuming amenability to suit here under Kulko, these two substantially identical procedural devices  Rules 4(c)(4) and 4(c)(5)  for effecting service of process upon nonresidents should be equally potent. The majority, however, accords the additional procedure of publication required by Rule 4(c)(4) a partially contraceptive effect *323 which I do not understand and which is nowhere explained.[5]
Simply put, the point the majority misses is that Rules 4(c)(4) and 4(c)(5) are alternative procedural means to the same constitutionally permissible end. The scheme of Rule 4(c) allows the plaintiff his choice which means of service he prefers to employ  a point I had thought obvious until today. I am in complete agreement with the majority's statement
Had the plaintiff followed the procedures of Rule 4(c)(5) and secured service of process by certified mail, return receipt requested, restricted delivery, personal jurisdiction over the defendant to render a personal judgment would have been accomplished.
What makes no sense to me is that we can hold Rule 4(c)(5) so potent and virile while Rule 4(c)(4) is declared flaccid.
NOTES
[1] The clerk of this Court mailed notice of appeal to the defendant at the same address and received a written response here.
[1] A note regarding the basics may be of value. Before a court, any court, has authority to make an adjudication affecting the important rights of a non-resident (or any other party, for that matter), at least four predicates must be established. In no particular order these are:

(1) The defendant must be amenable to suit in the forum state consistent with the federal constitution; that is, the defendant must have constitutionally adequate minimum contacts with the forum state. See e.g., Kulko v. Superior Court, supra; International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Administrators of the Tulane Educational Fund v. Cooley, 462 So.2d 696 (Miss. 1984).
(2) The defendant must have been accorded procedural due process consistent with the federal constitution; that is, he must have been given reasonable advance notice of the trial or hearing and a meaningful opportunity to be heard in response. See, e.g., Mullane v. Central Hanover Bank & Trust Company, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950); Covington v. Covington, 459 So.2d 780 (Miss. 1984).
(3) The defendant must be amenable to suit here as a matter of state law. Here I refer to such requirements in our law as those found in Miss. Code Ann. § 13-3-57 (Supp. 1986) (that defendant has made a contract to be performed here, committed a tort here, or done business here), § 11-3-1 (Supp. 1986) (that defendant has property here), etc.
(4) The defendant must have been served with process in conformity with the requirements of a procedural rule prescribing the manner of service of process. Examples here are Rules 4(c)(4) and 4(c)(5), Miss.R.Civ.P.
Each of these requisites is independent of the other three. All four must be satisfied before a court of the forum state may do anything that affects the important rights of the defendant and is entitled to full faith and credit elsewhere. The majority never makes clear just which of these requisites it finds lacking.
Conceptually there may be two more inquiries, the state constitutional due process analogues to International Shoe and Mullane, Inquiries Nos. (1) and (2) above. There is nothing that would prohibit our holding that our due process clause, Miss. Const. Art. 3, § 14 (1890) affords non-resident defendants greater rights and protections than are found in International Shoe and Mullane and progeny. See Michigan v. Long, 463 U.S. 1032, 1037, 1040, 103 S.Ct. 3469, 3474, 3476, 77 L.Ed.2d 1201, 1212, 1214-15 (1983); Pruneyard Shopping Center v. Robins, 447 U.S. 74, 81, 100 S.Ct. 2035, 2040-41, 64 L.Ed.2d 741, 752 (1980). In fact, we have given our due process clause no such construction and in several contexts have held that it should be construed identically with federal due process requirements. Mississippi Power Co. v. Goudy, 459 So.2d 257, 261-62 (Miss. 1984); N.C.A.A. v. Gillard, 352 So.2d 1072, 1081 (Miss. 1977); Walters v. Blackledge, 220 Miss. 485, 515, 71 So.2d 433, 444 (1954).
[2] There remain procedural distinctions among different statutory means of subjecting a non-resident or his property to jurisdiction in this state. Compare Miss. Code Ann. § 11-31-1, et seq. (Supp. 1986) (only property of non-resident seized here subject to execution upon judgment that may be entered), with § 13-3-57 (Supp. 1986) (non-resident defendant liable to entry of judgment enforceable against all of his property whereever found). This distinction emanates from differences in the statutory provisions, not the nature of the jurisdiction or process nor the labels we might affix to either. If Rule 4(c)(4) provided that a non-resident served thereunder could never be subject to a money judgment, that limitation would be enforceable. Rule 4(c)(4) contains no such limitation.
[3] should be taken of several pre-Shaffer decisions regarding a state's authority to adjudge the rights of non-residents in a domestic relations context. Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 (1957); Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951); Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948); Sherrer v. Sherrer, 334 U.S. 342, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948); Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942). To the extent that these cases suggest that one may lose a spouse under less stringent circumstances than one may lose a dollar, they should be read with caution and in the light of Shaffer's reformulation.
[4] I find no sense in the notion that process by publication in compliance with Rule 4(c)(4) is insufficient to empower the forum court to enter, as against the non-resident defendant, a personal judgment, for a personal judgment like a rose by any other name is still a personal judgment. Less poetically, all judgments are personal judgments. A judgment that does not adversely affect the personal rights of the defendant is hardly worth having.
[5] Another distinction between Rule 4(c)(4) and 4(c)(5) is that the mailing under the latter must be via certified mail, restricted delivery, return receipt requested, while the former contains no such safeguards. The only legal consequence of this distinction is quite modest. Proving that the non-resident defendant actually received the summons and complaint, or that delivery was attempted and he refused it, is easier under Rule 4(c)(5) than under Rule 4(c)(4). No doubt Rule 4(c)(5) is a better rule, but nothing in that value judgment renders service under Rule 4(c)(4) legally less potent. As Eli W. Noble makes no claim that he did not receive the summons and complaint mailed to him under Rule 4(c)(4)(C), there is no reason to consider the conceptually thorny matter of how it is that a court has the power to affect the rights of one who has no knowledge or reason to know of the pendency of the action.