ROBERTSON, Justice,
for the Court
I.
This appeal arises from a partition action and raises questions of pleading and proof. Because the trial court ordered partition on the complaint of the original plaintiff, and because there was no independent side dispute between the two defendants who answered, it does not matter that one defendant in partition had filed no cross-claim against his co-defendant. Because there is substantial evidence supporting the trial court’s finding that the grantee of the critical deed was Robert Pernell, Sr., and not Robert Pernell, Jr., we have no authority but to affirm.
II.
On December 31, 1985, Ruby Mathews filed in the Chancery Court of Clay County, Mississippi, a complaint for partition of the following-described real property in Clay County, Mississippi:
The southeast quarter (SE ¼) of the northeast quarter (NE Vi) of section 20, township 17, range 7 east, containing 40 acres, more or less....
The last conveyance of record reflected that in 1945 Martin Griffin had conveyed this 40-acre tract to Robert Pernell. Mathews claimed to be an heir-at-law of Robert Pernell, who had died intestate.
In her complaint, Mathews alleged that Pernell had died in 1979 and left a widow, Jennette Pernell, and five children: Robert Pernell, Jr., Roosevelt Pernell, Jessie Lue Manning, Johnnie B. Pernell, and herself, Ruby Mathews. The complaint charged that upon the death of Robert Pernell, Sr., an undivided one-sixth interest in the property passed to each of these individuals under the laws of descent and distribution. The complaint further named as a defendant Lue Frances Cox, daughter of Jen-nette Pernell, but not the child of Robert Pernell, Sr. Testimony at trial identified a second daughter of Jennette Pernell, Mary Ann Bryant, who was not specifically named in Mathews’ complaint. These latter two individuals had acquired an interest by descent and distribution upon the death of Jennette Pernell in May of 1984. Finally, Mathews named as defendants all unknown heirs of Robert Pernell, Sr. and Jennette Pernell.
On June 12, 1986, Roosevelt Pernell— Ruby Mathews’ brother and one of the defendants — filed an answer admitting the allegations of the complaint and joining in the prayer for partition. Twelve days later, Robert Pernell, Jr. answered, denying the essential allegations of the complaint and charging instead that he was the owner of the entire forty-acre tract.
*1265 The Chancery Court called the case for trial on February 17, 1988. The Court found that Robert Pernell, Sr. had died intestate in 1979, owning the property in dispute. The Court further found that Jen-nette Pernell had died in 1984 owning, inter alia, the undivided one-sixth interest in the forty acres she had inherited from her late husband, by reason of all of which the forty-acre tract was, at the time of trial, owned as follows:
Name Percentage Interest Number of Acres (If Partited)
Robert Pernell, Jr. .1904762 7.619
Roosevelt Pernell .1904762 7.619
Jessie Lue Manning .1904762 7.619
Johnnie B. Pernell .1904762 7.619
Ruby Mathews .1904762 7.619
Mary Ann Bryant .0238095 .95238
Lue Frances Cox .0238095 .95238
The Chancery Court ordered partition and, failing that, sale of the property and pro rata distribution of proceeds. This appeal has followed.
III.
Robert Pernell, Jr. first argues on appeal that his brother, Roosevelt Pernell, had no authority to proceed because he had not filed a proper cross-claim against Robert Pernell, Jr. The point escapes us.
This case was before the Chancery Court on Ruby Mathews’ complaint for partition. All Roosevelt did was file an answer admitting the allegations of the complaint and agreeing that the court should order the property partited. Neither in his pleadings nor at trial did Roosevelt assert any side issue or claim against his brother, Robert Pernell, Jr. The posture of the pleadings at trial put Roosevelt in the identical position of his siblings who had filed no answer — that of conceding the essential allegations of the complaint.
On this appeal, Robert Pernell, Jr. calls our attention to Johnson v. Franklin, 481 So.2d 812 (Miss.1985). It is true that Johnson was a partition action, but the point at issue was a side dispute which developed between two defendants in partition, A.B. Johnson and Annie Mae Franklin. The dispute concerned whether Franklin’s father had, prior to his death, conveyed his interest in the property to Johnson, for if that had happened, Franklin would have no interest in the partition matter while Johnson would have an enhanced interest. This side dispute was extraneous to the original complaint James G. Anderson had filed. In that procedural context, Johnson held that, before Franklin could assert her claim to the interest her father had conveyed to Johnson, the Mississippi Rules of Civil Procedure required that she have filed and served a cross-claim.
Nothing in Johnson compels reversal here nor, more particularly, does Johnson preclude Roosevelt Pernell’s proceeding in the matter below. Roosevelt asserted no claim to the forty-acre tract, or any part thereof, independent of the basis of Ruby Mathew’s claim. Roosevelt had no side dispute with Robert Pernell, Jr.
IY.
Robert Pernell, Jr. appeared at trial and claimed that he was the grantee in the 1945 conveyance from Martin Griffin and thus furnished the principal issue litigated. Robert Pernell, Jr., 65 years of age at the time of trial, testified he had arrived home from the Army on Friday, November 29, 1945, and had purchased the property from Griffin, then allowing his parents to live on it.
On Sunday morning, December 1, 1945, while visiting at his uncle Elvinus Dunlap’s home, he overheard Griffin and his uncle *1266 discussing land. Having nearly $3,000.00 cash in his pocket, Robert, Jr. says he decided to purchase the property for $600 and claims that he did so. Robert, Jr. says the “Robert Pernell” who is the grantee in the deed is, in fact, himself and not his father Robert, Sr.
Roosevelt Pernell, born on December 13, 1929, next testified that he witnessed part of the transaction between his father Robert, Sr., and the grantor Martin Griffin. Robert, Sr., and Griffin met at the old courthouse in the Chancery Clerk’s office where Griffin signed the deed and delivered it to Robert, Sr. Roosevelt says, not until after 1984 and his mother’s death did Robert, Jr., claimed to be the sole owner of the property.
Ruby Mathews and Jessie Lue Manning both appeared as witnesses. Neither had any personal knowledge of the 1945 sales transaction, but each testified that Robert Pernell, Jr. never claimed to own the property until after the death of their mother in 1984.
Lee S. Coleman, a local attorney representing Roosevelt Pernell prior to this action, gave testimony regarding a conference he had with Robert Pernell, Jr. Coleman stated that Robert Pernell, Jr. claimed that he had furnished some of the money to purchase the property but that he never claimed that he was the owner of the property.
Mathews produced certain documentary evidence suggestive that her father, Robert Pernell, Sr., and not her brother, Robert Pernell, Jr., owned the property, to wit:
(a) The minutes of a Clay County Board of Supervisors meeting where the supervisors voted to pay “Robert Pernell and Janet Pernell” $50.00 for a right-of-way on their property in order to do road construction;
(b) A Grant of Transmission Line Easement by “Robert Purnell and wife, Jeanette Purnell” for $14.73;
(c) An Oil, Gas and Mineral Lease executed to Amoco Production Co. by Robert Pernell and his wife Gennette A. Pernell;
(d) Another right-of-way to Clay County, executed by Robert Pernell and Jennett Pernell;
(e) The Recapitulation of Homestead Exemptions of Clay County for 1977 and tax receipt, showing Robert Pernell as the recipient of an additional exemption due to age;
(f) A Mississippi Residential Property Record Card showing ownership of the property as indicated on the card had, at some point in time, been changed from Roosevelt Pernell, to Robert Pernell with an address in Michigan indicating that Robert, Jr., was intended; and
(g) Copies of two checks, each in the amount of $40.00, payable to “Robert and Gennette A. Pernell” and “Robert Pernell and Gennette A. Pernell” from Amoco Production Co. for rental due under the previously admitted lease.
The issues presented here ask this Court to reconsider the testimony of the witnesses and determine which are credible and which not. We may not do so. We are bound by the manifest error standard and have stated that it is particularly appropriate
where the questions of fact rest largely upon the credibility of the testifying witnesses. Being able to observe the demeanor of the witnesses, to scrutinize their reactions and responses to the questions propounded by counsel, puts the fact trier in a uniquely superior position to glean the truth from testimony.
Johnson v. Brewer, 427 So.2d 118, 126 (Miss.1983); see also Planters Bank & Trust Co. v. Sklar, 555 So.2d 1024, 1033 (Miss.1990); Collins by Smith v. McMurry, 539 So.2d 127, 129 (Miss.1989); Gulf Park Water v. First Ocean Springs Dev., 530 So.2d 1325, 1330 (Miss.1988); Pellegrin v. Pellegrin, 478 So.2d 306, 308 (Miss.1985); McKay v. McKay, 312 So.2d 12, 13-14 (Miss.1975); Rainey v. Rainey, 205 So.2d 514, 515 (Miss.1967).
The record in the case sub judice amply provides evidence that supports the Chancery Court’s factual determination that Robert, Sr., not Robert, Jr., was the grant *1267 ee in the 1945 deed. Applying to that evidence our limited standard of review, we may only affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.