124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jerry JEFFERSON, Plaintiff-Appellant,
v.
BERTSCH, also known as Bertsch & Co., and Park Corp.,
Defendants-Appellees.
 No. 96-3676.
 United States Court of Appeals, Seventh Circuit.
 Argued April 24, 1997.
Decided August 29, 1997.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division, No. 95 C 177; John D. Tinder, Judge.
 EASTERBROOK, KANNE and EVANS, Circuit Judges.
 
 ORDER
 I. HISTORY
 
 1
 Jerry Jefferson filed a product liability action against an entity called "Bertsch & Company," which the complaint identified as an Indiana corporation. The case was filed in the Circuit Court of Hinds County, Mississippi. Jefferson's complaint in the Mississippi action named Bertsch & Company, as well as several other corporations, as defendants. Although the complaint itself asserted no jurisdictional basis with regard to Bertsch & Company, the Mississippi state trial court based its jurisdiction on the tort-prong of the Mississippi long-arm statute.
 
 
 2
 Bertsch & Company had been an Indiana corporation with its principal place of business in Indiana. In 1986, however, Bertsch & Company was liquidated in bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Indiana. Bertsch & Company was then administratively dissolved by the Indiana Secretary of State in 1987.
 
 
 3
 The Bankruptcy Court's order directed the sale of Bertsch & Company to proceed pursuant to an "Asset Purchase Agreement," in which Park Corporation and its unincorporated subsidiary Bertsch ("Park/Bertsch") would purchase Bertsch & Company. According to that agreement: 1) Park/Bertsch purchased the assets of Bertsch & Company for cash; 2) Park/Bertsch expressly contracted not to assume any liabilities or obligations of Bertsch & Company; 3) the terms of the sale were approved by the Bankruptcy and District Courts; 4) Park/Bertsch did not cause the dissolution of Bertsch & Company; 5) no officer, director or shareholder of Bertsch & Company was ever an officer director or shareholder of Park/Bertsch or any other of park's divisions.
 
 
 4
 As there was no response to the complaint by the defunct Bertsch & Company, on March 18, 1994, the Mississippi court entered a default judgment against it for $4,129,286.93. Jefferson then attempted to enforce the Mississippi court's judgment against Park/Bertsch in federal district court in the Southern District of Indiana, arguing that Park/Bertsch was in effect the same company as Bertsch & Company and that therefore the judgment should be accorded full faith and credit against Park/Bertsch. Park/Bertsch moved for summary judgment, arguing that they were a wholly distinct entity from Bertsch & Company and that therefore the federal court in Indiana lacked jurisdiction to accord the Mississippi judgment full faith and credit. The district court granted the summary judgment motion, holding that the default judgment was not entitled to full faith and credit because the Mississippi court had no personal jurisdiction over Park/Bertsch, and there existed no successor liability between Park/Bertsch and Bertsch & Company.
 
 II. ANALYSIS
 A. Full Faith and Credit
 
 5
 The Full Faith and Credit Act, 28 U.S.C. § 1738, "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Marx v. M & I Bank of Watertown, 17 F.3d 1012, 1014 (7th Cir.1994) (quoting Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982)). On the other hand, it is well settled that a judgment imposing a personal obligation or duty in favor of a plaintiff may be entered only by a court having jurisdiction over the defendant. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). Moreover, a judgment entered in absence of personal jurisdiction in the first forum is not subject to full faith and credit in the second forum. Hansburry v. Lee, 311 U.S. 32, 40 (1940); Hazen Research, Inc. v. Omega Minerals, Inc., 497 F.2d 151 (5th Cir.1974); see Sanders v. Humphrey, 735 F.Supp. 209 (S.D.Miss.1990) (holding that a Mississippi state court was not required to give full faith and credit to a Louisiana judgment where the rendering court did not have personal jurisdiction over the Mississippi resident); Peters v. Peters, 560 So.2d 722, 723 (Miss.1990) (holding that "if the court is without jurisdiction--subject matter or personal--no one is bound by anything the court may say regarding the (de)merits of the case"). Accordingly, the Mississippi judgment is not entitled to full faith and credit as against Park/Bertsch if the Mississippi trial court lacked personal jurisdiction over Park/Bertsch.
 
 B. Personal Jurisdiction
 
 6
 Mississippi law regarding personal jurisdiction is summarized as follows: "Before a court, any court, has authority to make an adjudication affecting the important rights of a non-resident ... at least four predicates must be established:" 1) the defendant must be amenable to suit in Mississippi under the state's long arm statute;[1] 2) the defendant must have sufficient "minimum contacts" with the forum such that he is constitutionally amenable to suit in the forum; 3) the defendant must have been afforded notice and a meaningful opportunity to be heard; and 4) the defendant must have been properly served with process. Nobel v. Nobel, 502 So.2d 317, 321 n. 1 (Robertson, J., concurring in part and dissenting in part). Each of these requirements must be satisfied before a court's adjudication of a defendant's rights is entitled to full faith and credit. Id. In the case before us, Jefferson cannot satisfy even the first of the four requirements.
 
 
 7
 Jefferson is unable to demonstrate that Park/Bertsch was subject to suit under the Mississippi long-arm statute. In the Mississippi action, the finding of personal jurisdiction over Bertsch & Company was expressly based on the tort-prong of the Mississippi long-arm statute. Although under Mississippi law a single act under the tort-prong is enough to confer personal jurisdiction, the tort complained of in the underlying transaction did not arise from any acts committed by Park/Bertsch. In the underlying transaction, the Mississippi court found only that it had "personal jurisdiction over Defendant Bertsch & Company" because Bertsch & Company had committed a tort in Mississippi and "Bertsch & Company had sufficient 'minimum contacts' with the State of Mississippi only such that the exercise of personal jurisdiction over Bertsch & Company was proper and constitutional."
 
 
 8
 Quite clearly, the Mississippi court made no findings regarding its personal jurisdiction over Park/Bertsch. Moreover, Jefferson plainly represented to the Mississippi court that the judgment was sought against the "dissolved" "Bertsch & Company," as opposed to asking for a judgment against Park/Bertsch. While the Mississippi court may have rightfully found that Bertsch & Company committed the tort in Mississippi, it is uncontroverted that Park/Bertsch did not manufacture, sell, upgrade, repair, or service the offending product in Mississippi. In other words, Park/Bertsch did not commit any act in Mississippi relevant to the underlying tort.
 
 
 9
 Thus, it appears that Park/Bertsch is not subject to Mississippi's long-arm jurisdiction, but, if the "Asset Purchase Agreement" between Park/Bertsch and Bertsch & Company placed corporate successor liability upon Park/Bertsch--a different case is presented. However a corporation that purchases the assets (but not the stock) of another corporation is not burdened with the liabilities of the corporation from which the assets are purchased. EEOC v. G-K-G, Inc., 39 F.3d 740, 747 (7th Cir.1994); Clark Equipment Co. v. Dial Corp., 25 F.3d 1384, 1387 (7th Cir.1994); Russell v. SunAmerica, 962 F.2d 1169, 1175 (5th Cir.1992). Only if a sale is "merely a step in a corporate reorganization designed to shift liabilities to an empty shell" will the a party be allowed to proceed against an asset-purchaser. G-K-G, Inc., 39 F.3d at 740 (citing Chaveriat v. Williams Pipe Line Co., 11 F.3d 1420, 1424-26 (7th Cir.1993)).
 
 
 10
 In this case, Jefferson did not address the issues of successor liability in his summary judgment filings. Moreover, our review of the record reveals that in the court-approved "Asset Purchase Agreement," Park/Bertsch expressly agreed to purchase only the assets and not the liabilities from Bertsch & Company. Furthermore, we find no continuity of officers, directors, or shareholders between Park/Bertsch and Bertsch & Company. Consequently, there is no genuine issues of material fact with respect to whether Park/Bertsch is a successor corporation of Bertsch & Company. We therefore find that Park/Bertsch and Bertsch & Company are two distinct companies and that the Mississippi trial court's finding of personal jurisdiction over Bertsch & Company did not render personal jurisdiction over Park/Bertsch.
 
 
 11
 Having found no basis under the Mississippi long-arm statute for exercise of jurisdiction over Park/Bertsch, we need not consider the due process or service of process issues. Accordingly, the judgment of the Circuit Court of Hinds County, Mississippi was against Bertsch & Company, not Park/Bertsch, and that the judgment is, therefore, entitled to full faith and credit against only Bertsch & Company.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Mississippi's long-arm statute provides, in relevant part:
 Any nonresident person, firm ... or any foreign or other corporation not qualified under the Constitution and laws of this state as doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.
 Miss.Code Ann. § 13-3-57.