WALTON *v.* GREGORY FUNERAL HOME.

(Division B. May 14, 1934. Suggestion of Error Overruled June 11, 1934.)

[154 So. 717. No. 31247.]

130

Ruth Campbell, of Yazoo City, for appellant.

Barbour & Henry, of Yazoo City, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellant filed her bill to set aside and cancel a deed to certain real estate in Yazoo City. The cause was tried on bill, answer, and proofs, resulting in a decree in appellee's favor.

The bill charged that appellant was a resident of the state of Mississippi, and that while temporarily out of the state she was sued by appellee in attachment, upon the ground that she was a nonresident of this state; that judgment was rendered against her in said suit, and execution issued upon the judgment and levied upon property constituting her homestead, which was sold and deed made to appellee, the purchaser at the execution sale. Appellant charges that the proceedings in the justice of the peace court were void, therefore the execution sale was void, and she was entitled to have the deed canceled as a cloud upon her title. The deed conveying the property to appellee was recorded in deed records

of Yazoo county, accompanied by a certified transcript of all the proceedings had before the justice of the peace, including a copy of the execution and the officer's return thereon, and is in all respects in full compliance with section 3050, Code 1930.

Appellant attacks the proceedings in the justice of the peace court upon several grounds. The attachment was sued out before C. C. Elliott, a justice of the peace of the county, who issued the attachment writ and entered a 'judgment for appellee. Elliott died without proceeding further in the cause and was succeeded in office by S. D. Woods. The judgment rendered by Elliott was void for reasons unnecessary to state. Both parties agree that it was void. Appellee, recognizing that the judgment was void, without asking the justice of the peace court to set it aside and without making a new affidavit for attachment or another attachment bond, proceeded to have Woods issue another writ of attachment and have it levied upon the property of appellant. Appellant contends that this amounted to a setting aside of the former judgment by Woods, which under the law he had no right to do, and all the proceedings had before Woods were void for that reason.

Section 2109, Code 1930, provides that whenever the successor to a justice of the peace shall enter upon the duties of his office he is empowered to conclude all business pending in his court ''as if the proceedings had been originally instituted before him.'' The judgment rendered by Elliott being absolutely void, it was not necessary that it be set aside; it was a nullity, and Woods had a right to treat it as such. There was no setting aside of the judgment by Woods because there was no judgment to set aside; when he went into office he found simply a pending cause.

Appellant contends that the judgment and sale and conveyance thereunder were void because the officer's return on the writ of attachment showed that appellant

could not be found in "Yazoo City" instead of Yazoo county. The ground of attachment was nonresidence. The affidavit for attachment stated that fact and further gave both the post office and street address of appellant. Under section 137, Code 1930, the officer executing the attachment writ is not required to make an effort to summon the defendant when the affidavit for attachment is upon the ground of nonresidence. The latter part of the section applies; it lays down the method by which the court acquires jurisdiction of the res by constructive service—publication of notice to the defendant.

Appellant contends that the proceedings are void because the record does not show affirmatively that section 171, Code 1930, requiring notice to appellant to be posted in three public places where they would likely be seen by persons in the district of the justice of the peace rendering the judgment, was complied with. The record shows that the notices were posted in three places in Yazoo county, one of which was the court house at Yazoo City. Appellant's position is that a compliance with the statute is jurisdictional and it was necessary for the record to show affirmatively that the notices were posted in three public places as required by the statute.

Treating the bill in this case either as a direct or a collateral attack—certainly it is one or the other—appellant's contention is without merit. First, as a direct attack: It devolved on appellant to not only show a meritorious defense to the action on which the judgment was rendered, but to go further and show that the notices were not, in fact, posted as required by the statute. A defendant against whom a judgment at law has been rendered without service of process, who seeks relief therefrom in a court of equity, must show not only want of notice but that he had a good defense to the action. He must do equity. Newman v. Taylor, 69 Miss. 670, 13 So. 831; 5 Pomeroy's Equity Jurisprudence (2 Ed.), section 2088 (667). Appellant not only failed to show that the notices were not posted as required by law, but the evi-

dence, without dispute, showed that they were. Second, as a collateral attack: The courts of justices of the peace are courts of general jurisdiction. Unless the contrary affirmatively appears from the record, all jurisdictional facts are conclusively presumed to have existed, whether there be recitals in the record to show them or not, and this rule applies, although the judgment attacked was rendered by default, on constructive service of process alleged to be defective. Cotton v. Harlan, 124 Miss. 691, 87 So. 152.

The docket of the justice of the peace does not show any notation that the writ of attachment had issued, nor of the return of the officer thereon, nor of the mailing of the notice to appellant. Appellant contends that the proceedings were void for those reasons. It was held in Hughston v. Cornish, 59 Miss. 372, construing a statute of which section 3050, Code 1930, is a rescript, that a certified transcript contemplated by the statute should include the docket entries and if these were correctly kept need include nothing else. In the present case the docket fails to show the necessary entries, but the record of the deed is accompanied by complete transcript of all the proceedings in the justice of the peace court, and from this transcript there appears as a fact every necessary step in the proceedings leading up to the judgment, and the judgment entered thereon and the subsequent proceedings leading up to the sale, together with the deed made to the purchaser. Although it is important for the justice of the peace to make these docket entries, since every step that was required was taken at the time and in the manner provided by law, the absence of such entries does not destroy the legality of the proceedings, which, as stated, were in all other respects regular. The record of the transcript shows the existence of all the jurisdictional facts and necessary steps in order to reach a valid judgment. Section 1569, Code 1930, provides that copies of the record of any conveyance of land under the judgment of a justice of the peace, and of the

record of a certified transcript of the proceedings had
before the justice, and of the record of the execution
and return thereon, authorized by law to be recorded
with such conveyance, when certified by the clerk in
whose office the record is kept, under his seal of office,
shall be received as prima facie evidence of the validity
of such deed and proceedings without further proof of
the same. The certified copy provided by this statute
was introduced in evidence. The presumption of validity
afforded by the statute was not rebutted. There is no
merit in this contention.

Appellant contends that the proceedings are void be-
cause she never received notice thereof. She does not
deny the mailing of the notice and admits that when it
was mailed she was out of the city of Chicago, where
she resided at the time. It is true that the mailing of the
notice is a jurisdictional fact. The proof showed with-
out contradiction that it was properly mailed to her true
address in the city of Chicago, Illinois. The law does not
require proof that appellant received the notice. To so
hold would practically destroy the effective use of the
foreign attachment statute.

Appellant contends that the advertisement for the sale
of the property was void because the sale was advertised
to be on the first Monday of January, and two weeks aft-
er the last advertisement elapsed before the sale was
made. There is no merit in this contention. Section 3037,
Code 1930, is the governing statute. It provides that
sale of land may be made on the first Monday of the
month or on the first Monday or Tuesday of the circuit
court of the county, and shall be advertised in a news-
paper published in the county once a week for three suc-
cessive weeks. Appellant admits in her bill that the ad-
vertisement in question appeared once a week for three
successive weeks, but contends that the statute required
the advertisement to be for the three successive weeks
next preceding the day of the sale. The statute does not

so provide, as does section 2167, Code 1930, providing for the advertisement of foreclosures in pais of deeds of trust.

Appellant's contentions that the property sold was a homestead, and that the claim, which was the basis of the judgment, was barred by the statute of limitations, are of so little merit as not to require a discussion.

Affirmed.