539 So.2d 1036 (1989)
Mary E. Frierson PENTON
v.
Bob Steele PENTON.
No. 58342.
Supreme Court of Mississippi.
February 22, 1989.
Joseph A. Runnels, Jr., Jayne L. Buttross, Jackson, for appellant.
David C. Sabine, Law Offices of Richard C. Fitzpatrick, Poplarville, for appellee.
Before ROY NOBLE LEE, C.J., and PITTMAN and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:
On September 12, 1985, Bob Steele Penton and Mary E. Penton were divorced in Pearl River County, Mississippi. Mary Penton was awarded custody of the three minor children of the marriage. Bob Penton was ordered to pay child support in the amount of $900.00 per month.
On January 29, 1987, Mary Penton filed a motion to cite Bob Steele Penton with contempt for failure to pay any child support *1037 from the time of the divorce decree. The chancellor determined that the Chancery Court of Pearl River County, Mississippi lacked personal jurisdiction to render a money judgment against the defendant, Bob Steele Penton, on September 12, 1985, when it granted the plaintiff, Mary E. Penton, a divorce and ordered child support. Mary Penton appeals this decision, assigning the following errors:
1. That the chancellor was manifestly wrong and committed reversible error when he determined in his judgment and memorandum opinion that the appellant did not properly obtain personal jurisdiction over the appellee when she had the appellee served pursuant to Rule 4(c)(1) and 4(d)(1)(A) of the Mississippi Rules of Civil Procedure.
2. That the chancellor was manifestly wrong and committed reversible error when he determined that the mandates for pleadings under Title 93, Chapter 11 were not complied with.

FACTS
Mary Frierson Penton and Bob Steele Penton were married on August 12, 1967, in Pearl River County, Mississippi. The parties resided in Pearl River County, Mississippi, where their three children were born: Robert Wayne Penton, born May 20, 1969; Kristy Gail Penton, born June 4, 1971, and Ron Haven Penton, born October 30, 1979. The parties divorced in August of 1982, and then remarried on January 1, 1983, in Hancock County, Mississippi.
The parties separated for the final time in March of 1985, when Bob Penton moved from Pearl River County, Mississippi to Bakersfield, California. The children and Mary Penton remained in Pearl River County. On June 28, 1985, Mary Penton filed a complaint for divorce in the Chancery Court of Pearl River County. On July 23, 1985, Bob Penton was personally served with the summons and a copy of the complaint for divorce by a deputy sheriff of Kern County, California sheriff's department.
The divorce was granted by Chancellor Sebe Dale, Jr. on September 12, 1985. Mary Penton was granted the divorce. Bob Penton was ordered to pay $900.00 per month for the support of the three minor children. Certified copies of the final order of divorce and order for withholding signed by the chancellor were sent to Bob Penton by certified mail and received by him on September 24, 1985.
On January 29, 1987, Mary Penton filed a motion to cite Bob Penton with contempt for failure to comply with the 1985 order of support.
I.
Was the chancellor manifestly wrong when he determined in his judgment and memorandum opinion that the appellant did not properly obtain personal jurisdiction over the appellee when she had the appellee served pursuant to Rule 4(c)(1) and 4(d)(1)(A) of the Mississippi Rules of Civil Procedure?
Bob Steele Penton was served with process in the 1985 divorce pursuant to Rule 4(c)(1) and 4(d)(1)(A), which state:
Rule 4. Summons.
... (c) Service: ...
(2) By Sheriff. A summons and complaint shall .. . be served by the sheriff of the county in which the defendant resides or is found, in any manner prescribed by subdivision (d) of this rule.
.....
(d) Summons and Complaint: Person to be Served. The summons and complaint shall be served together. Service by sheriff or process server shall be made as follows:
(1) Upon an individual ...
(A) by delivering a copy of the summons and of the complaint to him personally... .
Bob Penton was personally served by a deputy sheriff of the Kern County Sheriff's Department, Kern County, California. A notarized affidavit of service states that the defendant personally received the summons and complaint on July 23, 1985. Bob *1038 Penton does not dispute the fact that he was served.
The chancellor, in his Memorandum Opinion states:
It is the considered opinion of the Court that Rule 4 must only be considered as a rule dealing with procedure, i.e., notice  it does not create substantive law, for instance, jurisdiction in a court to render personal money judgment where no such substantive jurisdiction previously existed. See Rule 1.
He indicates that his decision is made with consideration of Noble v. Noble, 502 So.2d 317 (Miss. 1987).
The Noble decision examined the sufficiency of a summons issued under Rule 4(c)(4)(C) in securing personal jurisdiction over a non-resident. Rule 4(c)(4)(C) allows service by publication. The published notice was sent to the absent spouse by first class mail. This Court held that the adequacy of notice test as stated in Kulko v. California Superior Court, 436 U.S. 84, 91, 98 S.Ct. 1690, 1996, 56 L.Ed.2d 132, 140 (1978) was not met for rendition of a monetary judgment. 502 So.2d at 320.
The U.S. Supreme Court in Kulko states that personal jurisdiction depends upon two factors: (1) reasonable notice to the defendant that an action has been brought, citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313-14, 70 S.Ct. 652, 656-57, 94 L.Ed. 865 (1950); and (2) a sufficient connection between the defendant and the forum state as to make it fair to require defense of the action in the forum. Milliken v. Meyer, 311 U.S. 457, 464-64, 61 S.Ct. 339, 343, 85 L.Ed. 278, 132 A.L.R. 1357 (1940).
In Noble the first part of this test was not met. In the case sub judice, Bob Steele Penton acknowledges receipt of the summons. In addition, the record contains an affidavit of service. Thus, the first part of the test is met.
The second predicate to an assertion of personal jurisdiction is that the defendant must have sufficient minimum contacts with the forum state relevant to the cause of action to satisfy "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Bob Penton's contacts with Mississippi and in particular Pearl River County, were numerous.
(1) Bob and Mary Penton were married in Pearl River County on August 12, 1967. (2) After a 1982 divorce, they were remarried in Hancock County, Mississippi, on January 1, 1983. (3) Their residence, before Bob Penton left the state, was Pearl River County. (4) The three children of the marriage lived in Pearl River County. (5) At the time of the divorce, Bob and Mary Penton jointly owned property in the NW/2 of the NE/4 of Section 33, Township 4 South, Range 17 West, Pearl River County. (6) At the time of the divorce, a mobile home located on the above-described property was mortgaged to Hancock Bank. (7) This property was later repossessed by Hancock Bank.
We conclude that Bob Penton had sufficient contacts with the State of Mississippi to justify the assertion of personal jurisdiction over him in September, 1985. He married Mary Penton under the Laws of Mississippi; he left his wife and three children in Mississippi; this State had and has a deep interest in the marriage, separation, divorce, and support of its citizens.
II.
Was the chancellor manifestly wrong when he determined that the mandates for pleadings under Title 93, Chapter 11 were not complied with?
In his memorandum opinion of March 20, 1987, the chancellor found that the procedure and remedy of § 93-11-67, Miss. Code Ann. (1972) applied to the 1985 proceeding and the mandates for pleading set forth in that statute were not complied with in the complaint.
Section 93-11-67 states:
§ 93-11-67. Personal jurisdiction over nonresident defendants.
(1) In an action for child support, a court may exercise personal jurisdiction over and enter a judgment in personam *1039 against a defendant if personal service of process is made as provided below and if the parties had resided in a marital relationship with each other in this state for thirty (30) days and if the complainant has continuously resided in this state after the defendant became a nonresident.
(2) The defendant shall be personally served with a summons and a copy of the petition in the manner prescribed by the law of the state in which service is made or by any form of mail addressed to the defendant with a receipt showing personal delivery or by personal service outside this state in the manner prescribed for service within this state.
(3) Proof of service outside this state may be by affidavit of the individual who made service or in the manner prescribed by the law of this state or in the manner prescribed by the law of the state in which service is made. If service is by mail, proof may be a receipt signed by the defendant or other evidence of personal delivery to the defendant.
Section 93-11-67 requires: (1) personal service; (2) marital residence within this state for thirty (30) days, and (3) continual residence by complainant in this state after the defendant has become a nonresident.
Bob Penton was personally served, thus satisfying (1) above. Mary Penton's petition of June 11, 1985, states: that she is a resident of Pearl River County and has been for six months next prior to the filing of suit; that the parties were married in Mississippi in 1967 and again in 1983; that the family home in Pearl River County was owned jointly by Mary and Bob Penton.
In addition, the stipulated facts state that the parties separated in Pearl River County, Mississippi and thereafter defendant moved to California. From these allegations and the stipulation we can infer that the marital residence was in Mississippi, and complainant continued her residence in Mississippi after Bob Penton departed for California.
Both parties cite Fliter v. Fliter, 383 So.2d 1084 (Miss. 1980), which is the only Mississippi case interpreting § 93-11-67. In Fliter, the Court found sufficient contacts to sustain personal jurisdiction but denied jurisdiction because the bill of complaint did not specifically state that the marital residence was in this state for thirty days and the complainant had continuously resided in this state after defendant became a nonresident.
The adoption of the Rules of Civil Procedure specifically Rule 8(e)(1) which provides that "no technical forms of pleadings or motions are required" render Fliter noncontrolling in this case.
In addition, Bob Steele Penton has failed to rebut the presumption that the 1985 judgment was valid. As this Court stated in Brotherhood of Railroad Trainmen v. Agnew, 170 Miss. 604, 155 So. 205, 207 (1934):
The presumption of law is that public officers have performed their duties. And, as said by us in the recent case, Walton v. Gregory, [170 Miss. 129] 154 So. 717, with respect to the judgments of courts of general jurisdiction, "unless the contrary affirmatively appears from the record, all jurisdictional facts are conclusively presumed to have existed, whether there be recitals in the record to show them or not, and this rule applies, although the judgment attacked was rendered by default, on constructive service of process alleged to be defective." The presumption mentioned is conclusive on a collateral attack; and on a direct attack, as is the case here, the presumption still stands unless the defendant affirmatively show that the defect complained of existed as a matter of fact.
See also Honeywell v. Aaron, 228 Miss. 284, 88 So.2d 558, (1956).
As discussed in Restatenent (Second) of Judgments, § 80, in attacking the validity of a previous judgment relied upon as the basis of a claim in a subsequent action, the attack is made by appropriate pleading and proof establishing that the judgment should not be given effect. In the case sub judice Bob Steele Penton did not affirmatively show that the marital residence was not in Mississippi or that complainant did not continue to reside in Mississippi. See *1040 Covington v. Covington, 459 So.2d 780 (Miss. 1984).

CONCLUSION
We hold that the Chancery Court of Pearl River County has in personam jurisdiction of appellee Bob Steele Penton and, therefore, we reverse and remand for a trial on the merits.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.