819 So.2d 15 (2002)
Bobby SERTON, Appellant,
v.
Bettie SERTON, Appellee.
No. 1999-CA-02042-COA.
Court of Appeals of Mississippi.
January 29, 2002.
Certiorari Denied June 6, 2002.
*16 James A. Williams, Meridian, Attorney for Appellant.
William B. Jacob, Meridian, Attorney for Appellee.
En Banc.

ON MOTION FOR REHEARING
IRVING, J., for the Court.
¶ 1. Bobby Serton's motion for rehearing is granted in part. The original opinion issued by the Court is withdrawn, and this opinion is substituted therefor.
¶ 2. This is an appeal from a judgment of divorce entered by the Chancery Court of Lauderdale County wherein Bettie Serton was awarded a divorce from Bobby Serton on the ground of habitual cruel and inhuman treatment. Three principal issues are raised on appeal: (1) whether the evidence of habitual cruel and inhuman treatment was sufficient to justify a divorce, (2) whether a continuance should have been granted to allow the Appellant time to obtain counsel in light of the notice of trial setting and (3) whether the judgment of contempt and incarceration for failure to pay child support should be reversed because of the Appellee's failure to prove the Appellant's ability to pay. We affirm in part and reverse and remanded in part.

*17 FACTS
¶ 3. On January 17, 1997, Bettie Serton filed for divorce from Bobby Serton and sought custody of the two minor children of the parties. At the same time, she filed a motion for temporary relief. On April 18, 1997, an agreed judgment of temporary relief, covering the issues of custody, support, financial obligations and injunctive relief, was entered.
¶ 4. On July 28, 1997, Mr. Serton was terminated from his job, and on August 4, 1997, Mr. Serton and Lawrence Primeux, attorney for Mr. Serton, filed a joint motion seeking leave of court for Primeux to withdraw as counsel for Mr. Serton because Mr. Serton was no longer able to pay for legal representation. An agreed order, granting Primeux leave to withdraw and granting Mr. Serton forty-five days to hire new counsel, was entered by the trial court on August 13, 1997. Mr. Serton's signature and Mr. Primeux's signature are shown on the agreed order indicating their agreement with the terms thereof. Mr. Serton did not acquire new counsel, and apparently nothing further happened in the case until March of 1998.
¶ 5. On March 18, 1998, Mrs. Serton filed a motion for contempt against Mr. Serton for failure to pay child support, for harassment and physical confrontation, for failure to respond to discovery, and for failure to provide medical insurance for the children. The motion was heard on April 21, 1998. Mr. Serton was represented by counsel for the limited purpose of this contempt hearing and not for any purpose relating to his divorce action. At the conclusion of the hearing, the chancellor determined that Mr. Serton owed $3,614 for arrearage in child support.
¶ 6. On August 18, 1999, Mrs. Serton filed a second motion for citation for contempt of court on the issues of failure to pay child support arrearage, failure to provide medical insurance for the children and discovery violations. The motion was heard on September 7, 1999. The record is silent as to whether Mr. Serton was present or represented by counsel at this hearing, but the indications are that he was not. In his brief, he contends that he was not present. Mr. Serton was found in contempt and placed in jail until he purged himself on certain conditions not relevant to the resolution of the issues before us. The judgment of incarceration provided (1) that Mr. Serton could be released upon payment of $12,005.56, (2) that Mr. Serton's incarceration would be reviewed on September 27, 1999, and (3) that the trial on the merits of the divorce complaint was set for October 22, 1999. A copy of this judgment was served on Mr. Serton on September 7, 1999.
¶ 7. On September 27, 1999, the trial court reviewed the matter of Mr. Serton's incarceration and continued the incarceration on the terms and conditions of the September 7 judgment. On October 5, 1999, the trial judge continued the case from the previously-set October 22 trial date to November 9, 1999. The record does not indicate whether a copy of the October 5 order of continuance was served on Mr. Serton. Nevertheless, on November 9, 1999, the chancery court heard the complaint for divorce over Mr. Serton's objection.
¶ 8. Mr. Serton's oral request for a continuance to allow him time to hire an attorney was rejected on the basis that he already had two attorneys and the matter had been pending since January 17, 1997. After the court refused to grant the continuance, Mr. Serton decided that he did not want to participate in the trial and asked to be returned to jail. He was accommodated, and the proceedings continued, culminating in Mrs. Serton being awarded a divorce. The judgment of divorce continued Mr. Serton's incarceration *18 and provided that the matter would be reviewed again on December 6, 1999.

ANALYSIS OF THE ISSUES PRESENTED

I. Sufficiency of the Evidence
¶ 9. As stated, Mrs. Serton was awarded a divorce from Mr. Serton on the ground of habitual cruel and inhuman treatment. During the course of the trial, Mrs. Serton testified to nine incidences of abuse. Her testimony was corroborated by her mother, Ida Boyd. Mr. Serton takes issue with the sufficiency of Mrs. Boyd's corroboration and, because of this alleged insufficiency, argues that the evidence is insufficient to support the grant of divorce on the basis of cruel and inhuman treatment. Mrs. Boyd testified that she had seen the mark left on Mrs. Serton's neck from where Mr. Serton had pressed a gun. Mrs. Serton testified that, on several occasions when she refused to have sex with Mr. Serton, he would call her mother in her presence and tell Mrs. Serton's mother that she had better come and get Mrs. Serton before he did something to Mrs. Serton because no wife of his was going to deny him the privilege of touching her. Mrs. Boyd corroborated this testimony.
¶ 10. Under our standard of review, we view the facts of a divorce decree in a light most favorable to the appellee, and may not disturb the chancellor's decision unless we find that decision to be manifestly wrong or unsupported by substantial evidence. Mullins v. Ratcliff, 515 So.2d 1183, 1189 (Miss.1987). Therefore, we employ this standard in looking at the evidence in this case.
¶ 11. Evidence of habitual cruel and inhuman treatment is sufficient if it shows conduct that endangers life, limb or health or creates a reasonable apprehension of such danger, rendering the relationship unsafe for the party seeking relief, or in the alternative, if the conduct is so unnatural and infamous as to make the marriage revolting to the offended spouse and render it impossible for that spouse to discharge the duties of the marriage, thus destroying the basis for its continuance. Rawson v. Buta, 609 So.2d 426, 431.
¶ 12. Mrs. Serton testified that Mr. Serton threatened her life on multiple occasions. On one occasion, he put a gun to her neck and threatened to blow her brains out. She also testified to an incident where he beat and raped her in the presence of their two children. The Mississippi Supreme Court has consistently held that the chancellor as the trier of fact evaluates the sufficiency of the proof based on the credibility of the witnesses and the weight of their testimony. Richard v. Richard, 711 So.2d 884, 888(¶ 13) (Miss. 1998). The burden of proof in a habitual cruel and inhuman treatment case is a preponderance of evidence, not clear and convincing. Daigle v. Daigle, 626 So.2d 140, 144 (Miss.1993). Based on the evidence presented, if believed, one could conclude that Mrs. Serton's life was in danger. Also, one might certainly conclude that being beaten and raped in the presence on one's own children would render one unable to continue in the marriage. The chancellor was in the best position to weigh the testimony of the witnesses. Gardner v. Gardner, 618 So.2d 108, 113 (Miss.1993). We agree with the chancellor's finding that Mrs. Serton met her burden of proof. No manifest error was committed as to this issue.

II. Notice of Trial Setting and Request for a Continuance to Obtain Legal Counsel
¶ 13. In this assignment of error, Mr. Serton argues that he had no notice of the trial date because he was never served with the October 5, 1999 order continuing the case from October 22, 1999, to November *19 9, 1999. He also argues that it was unclear whether the notationthat "[t]he trial of this matter is set for October 22, 1999"included in the September 7 judgment of incarceration even referred to the trial of the pending divorce complaint.
¶ 14. Well-settled law in Mississippi establishes that the decision to grant or deny a continuance is within the discretion of the trial judge, and on appeal that decision cannot be reversed without a showing of manifest injustice or abuse of discretion. Coleman v. State, 697 So.2d 777, 780 (Miss. 1997). For the reasons that follow, we find Mr. Serton's argument, that the chancellor abused her discretion in not granting him a continuance, to be without merit. In arriving at our decision to affirm the chancellor on this issue, we are of the view that whether Mr. Serton was served with the October 5, 1999 order continuing the case from October 22, 1999, to November 9, 1999, or whether he was present at the September 7 contempt hearing is not outcome determinative of the issue before us.
¶ 15. It is undisputed that Mr. Serton was served with a copy of the September 7, 1999 judgment of incarceration which included the notation that the case was set for trial on October 22, 1999. It is also undisputed that Mr. Serton did not have an attorney on October 22, 1999, to represent him in the divorce action, although it had been more than two years since his divorce attorney was allowed to withdraw. As noted earlier, when his attorney withdrew, on August 13, 1997, Mr. Serton was given forty-five days to hire another attorney. That did not happen, and the blame cannot be placed on the fact that Mr. Serton was incarcerated for two months prior to trial, because he was not incarcerated for more than two and one half years of the nearly twenty-seven months that elapsed after his attorney withdrew.
¶ 16. Further, as stated, on April 21, 1998, Mr. Serton appeared in court with an attorney who had been hired for the limited purpose of representing him in the first contempt hearing. Obviously, Mr. Serton knew at that time that he was without counsel for the pending divorce action. At this point, more than eight months had passed since Mr. Serton was ordered to hire an attorney if he wanted continued representation by an attorney.
¶ 17. Following Mr. Serton's September 7 incarceration, which occurred following a second judgment of contempt against him, the chancellor made an attempt to assist Mr. Serton in hiring an attorney. She contacted an attorney for Mr. Serton and sent the attorney to meet with Mr. Serton. For whatever reason, this effort did not bear fruit. The record also reflects that, at some point, Mr. Serton's mother also tried to assist him in hiring an attorney. As was the case with the chancellor's effort, this attempt also, for some unexplained reason, was unsuccessful.
¶ 18. As stated, Mr. Serton says that he did not receive prior notice of the November hearing date. There is nothing in the record to indicate that the October 5 order was served on him. Therefore, we accept as true that he did not receive any prior notice of the November 9 hearing date. Nevertheless, there is no doubt about his presence at the hearing. We are not persuaded that the lack of prior notice prevented his having counsel present to represent him on the hearing date. If Mr. Serton had had an attorney ready and available to represent him at the October 22, 1999 hearing of which he clearly had notice, we might be inclined to grant him some relief. On these facts, we cannot say that the chancellor abused her discretion for refusing to grant the continuance requested by Mr. Serton on the day of the trial.

*20 III. Proof of Ability to Pay

¶ 19. Mr. Serton argues that the record shows "nearly conclusively" that he had no ability to pay the child support payments imposed by the agreed temporary judgment of April 18, 1997. Support for this contention is the fact that he had worked only two weeks following back surgery which occurred on May 13, 1997. Mr. Serton returned to work on June 9, 1997, re-injured his back on June 13, 1997, and on July 28, 1997, was terminated from his employment.
¶ 20. As already mentioned, Mr. Serton was before the chancellor on April 21, 1998, on a motion for citation for contempt. At that time, he was represented by counsel. So far as we can tell from the record, he did not at that time, nor at any time since, file any pleading for modification of the agreed judgment which, also with the aid of counsel, he entered into on April 18, 1997. The record does not contain a transcript of the proceedings on the contempt motion.[1] One "may exonerate himself from failure to make alimony or child support payments as ordered, because of his inability to pay, but his evidence must be made with particularity and not in general terms." Hooker v. Hooker, 205 So.2d 276, 278 (Miss.1967). It is the appellant's responsibility to provide the appellate court with a sufficient record to support the matters assigned as error. In the Interest of V.R., G.R. and B.J.R. v. Dep't of Human Serv., 725 So.2d 241, 245(¶ 16) (Miss.1998).
¶ 21. We also note that, despite repeated efforts to get Mr. Serton to provide a financial statement, he has repeatedly refused to do so. The record indicates that as of the date of the judgment of divorce, Mr. Serton still had not filed such statement. Nevertheless, we do not decide whether the chancellor erred in finding Mr. Serton in contempt for failing to pay child support as ordered; rather, for the reasons that follow, we find that the chancellor lacked jurisdiction to consider the motion for citation for contempt.
¶ 22. Mr. Serton contends that he was not served with notice of the September 7 hearing at which time the motion was heard. This contention was made for the first time in his reply brief, not in his initial brief as should have been the case, and even then, it consumed a scant one line, without any development in the brief itself. In the motion for rehearing, Mr. Serton still did not develop this issue any further. Normally, we would not consider matters raised for the first time on appeal. Nevertheless, since the acquisition of process over a respondent is a prerequisite to the court's authority to act in Rule 81(d)(2) matters[2] and since the question of jurisdiction may be raised for the first time on appeal, we consider the issue. As to the right to raise the question of jurisdiction at any time, see Myrick v. Incorporation of a Designated Area into a Municipal Corporation to be Named Stringer, 336 So.2d 209, 211 (Miss.1976); Home Ins. Co. v. Watts, 229 Miss. 735, 753, 93 So.2d 848, 850 (1957).
¶ 23. The certificate of service attached to the motion indicates that it was served by mail on Mr. Serton on August 17, 1998, at his usual address of 4334 Bethlehem Road, Lauderdale, Mississippi 39335. Mr. Serton contends he never received the motion. He further contends that he was not at the September 7, 1999 hearing on the motion for citation for contempt. Nothing *21 in the record disproves his allegation in this regard.
¶ 24. Rule 81(d)(5) of the Mississippi Rules of Civil Procedure provides that "[u]pon the filing of any action or matter listed in [Rule 81(d)(2)], summons shall issue commanding the defendant or respondent to appear and defend at a time and place, either in term time or vacation, at which the same shall be heard. Said time and place shall be set by special order, general order or rule of the court." M.R.C.P. 81(d)(5). Service by mail, without an accompanying summons issued in accordance with the dictates of Rule 81(d)(5), does not provide the requisite service of process which will enable the court to act. See Caples v. Caples, 686 So.2d 1071 (Miss.1996); Sanghi v. Sanghi, 759 So.2d 1250 (Miss.Ct.App.2000). We have examined the record and do not find any evidence that a Rule 81 summons was served on Mr. Serton regarding the September 7, 1999 hearing on the motion for citation for contempt filed by Mrs. Serton on August 18, 1999. Therefore, we conclude that Mr. Serton did not receive process as required by the rule and his conviction of contempt cannot stand.
¶ 25. THE JUDGMENT OF THE CHANCERY COURT OF LAUDERDALE COUNTY GRANTING A DIVORCE TO APPELLEE, AND AWARDING CHILD SUPPORT IN THE AMOUNT OF $50 PER MONTH IS AFFIRMED; THE JUDGMENT FINDING APPELLANT IN CONTEMPT OF COURT AND ORDERING APPELLANT INCARCERATED FOR FAILING TO PAY CHILD SUPPORT IS REVERSED AND REMANDED. COSTS OF THIS APPEAL ARE ASSESSED ONE HALF TO APPELLEE AND ONE HALF TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, AND CHANDLER, CONCUR. BRANTLEY, J., NOT PARTICIPATING.
NOTES
[1] The information regarding the date of Mr. Serton's surgery, the date of his return to work as well as the date of his termination is taken from the chancellor's opinion on the contempt motion.
[2] Rule 81(d)(2) of the Mississippi Rules of Civil Procedure designates contempt actions as one of the matters that may be tried "7 days after completion of process."