807 So.2d 1282 (2002)
Wallace Lee REICHERT, Appellant
v.
Cynthia Kazery REICHERT, Appellee.
No. 2001-CA-00491-COA.
Court of Appeals of Mississippi.
February 19, 2002.
*1284 B. Ruth Johnson, Jackson, for Appellant.
V. Douglas Gunter, Jackson, for Appellee.
Before KING, P.J., IRVING, and BRANTLEY, JJ.
BRANTLEY, J., for the Court.
¶ 1. Wallace Reichert filed a motion for relief from a final judgment of the Hinds County Chancery Court finding him in willful contempt for failure to comply with various provisions of his divorce decree concerning support and maintenance of his children. The chancellor denied this motion finding that Wallace's appeal was too remote in time and that proper notice had been given of the proceedings. Wallace appeals this decision and asserts that the contempt judgment is void and must be set aside because he did not receive a summons as required by Mississippi Rule of Civil Procedure 81(d)(5). In finding that Wallace's appeal has merit, we reverse the chancellor's judgment on the motion for relief and render the contempt judgment of December 5, 1994, void.

FACTS AND PROCEDURAL HISTORY
¶ 2. Wallace Reichert and Cynthia Reichert were married and had two sons, Taylor and Hunter. Cynthia filed for divorce and on June 28, 1993, the chancery court entered a temporary order setting custody, support, visitation, distribution of property and other orders.
¶ 3. On February 10, 1994, the chancery court entered a judgment of divorce on the grounds of habitual, cruel, and inhuman treatment by Wallace. Cynthia was awarded custody of the sons and child support in the amount of $425 per month until their majority or emancipation. In addition, Wallace was ordered to maintain full medical, dental, and hospital insurance coverage for the children, and pay half of all medical expenses not covered by insurance. Cynthia was to pay the claims and submit all medical bills incurred by the children to Wallace for reimbursement from him within thirty days. Furthermore, Wallace was responsible for the home's monthly mortgage note, hazard insurance, property taxes, and all attorney's fees and costs of the divorce.
¶ 4. On October 26, 1994, Cynthia filed a petition for contempt, claiming that Wallace was $11,467.61 in arrears for failure to pay his obligations set forth in the temporary order and final divorce judgment. A notice of hearing and certificate of service were filed along with the petition for contempt. The notice of hearing stated that Cynthia would present her petition for contempt in the Hinds County Chancery *1285 Court before Chancellor Wise on November 28, 1994, at 1:30 P.M. The certificate of service stated that the notice and petition was personally served on Wallace by the Sheriff of Thomas County, Georgia. The court record does not reflect that a summons was issued and filed in the chancery court. Wallace argues that he never received the notice of hearing.
¶ 5. On November 8, 1994, a proof of service was executed using a prepared form which stated in the first line, "I, the undersigned process server, served the summons and complaint upon the person named above in the manner set forth below...." Wallace was named above this. The proof of service indicated that the sheriff personally served "copies" on Wallace in Georgia on November 8, 1994. This account was made by the officer under oath.
¶ 6. On December 5, 1994, the chancellor found that the court had jurisdiction of the parties and the subject matters. The chancellor's decision recognized the temporary support and maintenance order and final divorce order and declared that Wallace was in contempt of court due to his continued wilful and obstinate refusal to pay sums ordered. Wallace was further ordered to be placed in confinement until he purged himself of contempt by payment of the total sum. The amount was determined by accrued obligations and related expenses.
¶ 7. After a motion for arrest and confinement was filed on January 9, 1995, the chancellor ordered the Sheriff of Hinds County to confine Wallace and to hold him in jail until such time that he had purged himself of contempt. On July 24, 1995, Wallace was arrested in Hinds County. In an order dated July 26, 1995, the chancellor released Wallace for a partial payment of the total debt. Wallace was also instructed to appear before the court in six months for review of payment of the balance and for any additional subsequent amounts that may be in arrears.
¶ 8. On February 9, 1996, after notice of hearing was issued to Wallace, the court found Wallace in contempt for all delinquent sums of child support and maintenance because of his failure to pay his balance. Wallace was again ordered to be confined until he paid the total amount due, reasonable attorney's fees and collection expenses. Neither Wallace nor his counsel appeared at the hearing.
¶ 9. On June 29, 2000, Wallace filed a petition for confirmation of defacto modification for temporary relief and other relief for modification of child support and child custody arguing a material change in circumstance. Cynthia filed an answer and a counter-petition. She asserted that Wallace was in contempt of the two judgments dated December 5, 1994 and February 9, 1996. Wallace later amended his response to Cynthia's counter-petition, arguing that he should be relieved from the 1994 contempt judgment because it was void pursuant to Mississippi Rules of Civil Procedure 5 and 81.
¶ 10. On Nov. 17, 2000, Wallace filed a motion for relief from the judgment of contempt dated December 5, 1994. He argued that pursuant to Rule 60, the judgment was void because a summons was not issued or served as required by Rules 5 and 81. A hearing on this motion was held on February 13, 2001. At the hearing (not attended by Wallace), Wallace's attorney claimed that in June 2000 he re-opened this case to have the court confirm a defacto modification. Cynthia countered, arguing her rights to delinquent sums according to the December 5, 1994 contempt judgment. At the hearing, Wallace's attorney requested that the court relieve Wallace of the December 5, 1994 contempt judgment because he was not served a summons concerning the petition of contempt *1286 as required by Mississippi Rules of Civil Procedure 81 and 4. Therefore, Wallace claimed that the judgment was void according to Rule 60.
¶ 11. Cynthia argued that although there was not a "magical summons" listed on the court file, the proof of service stated that he was served a summons. She claimed that the notice of hearing and the petition for contempt satisfied the requirements of Rule 81 and Wallace knew he should have been there. In addition, Cynthia argues that according to Rule 60, such a motion must be made in a reasonable time and that six years was not reasonable. Wallace countered that a reasonable time is within the court's discretion.
¶ 12. The chancellor, citing Mississippi Rule of Civil Procedure 4, ruled that the judgment was not void and held that "Rule 4, although or in addition says, Summons, Mr. Reichert was noticed to appear." In addition, the chancellor held that "as it relates to Rule 60, ... this as an equity court finds ... that it would be inequitable at this point to void the judgment, ... six years is too remote in time." Wallace appealed the judgment to this Court.

ANALYSIS OF THE ISSUE PRESENTED

DID THE CHANCELLOR ABUSE HER DISCRETION IN DENYING THE MOTION FOR RELIEF FROM THE CONTEMPT JUDGMENT OF DECEMBER 5, 1994?
¶ 13. Appellate review of Rule 60(b) motions is limited. Stringfellow v. Stringfellow, 451 So.2d 219, 220 (Miss. 1984). We will not reverse a trial court's decision to deny relief under Rule 60(b) unless the trial court abused its sound discretion. Jenkins v. Jenkins, 757 So.2d 339, 342(¶ 5) (Miss.Ct.App.2000). The grant or denial of a Rule 60(b) motion is generally within the discretion of the trial court. However, if the judgment is said to be void, the only proper decision is to set the judgment aside. Sartain v. White, 588 So.2d 204, 211 (Miss.1991). For the purpose of our analysis, the issues raised on appeal will be consolidated.
¶ 14. On appeal, Wallace argues that the chancellor erred in denying his motion for relief because the absence of a summons required by Mississippi Rule of Civil Procedure 81(d)(5) rendered the December 5, 1994 contempt judgment void pursuant to Rule 60 and, therefore, must be set aside. There is no record of a summons being issued. Cynthia asserts that the chancellor's ruling is correct because there is no proof in the record that a summons was not issued for Wallace to appear at the contempt hearing on December 5, 1994. Alternatively, even if it is determined that a summons did not exist, Cynthia asserts that the purpose of Rule 81(d)(5) was met via the personal service of process of copies of the petition for contempt and more importantly, a notice of hearing which stated the date, time, and place.

a. Requirements of a Valid Judgment
¶ 15. We must first address what is required for a judgment to be valid. The federal courts interpreting Mississippi Rule of Civil Procedure 60(b)(4) have held that a valid judgment requires (1) jurisdiction of subject matter, or of parties and (2) due process of the law. Bryant v. Walters, 493 So.2d 933, 938 (Miss.1986). If a court lacks jurisdiction or the requirements of due process are not met, the judgment is void and must be vacated. Id. at 937-38.
¶ 16. Here, the chancery court was correct in finding jurisdiction over Wallace in the contempt matter because a domestic relations case remains subject to recurring motions even after all prior contested matters are resolved. Sanghi v. Sanghi, 759 So.2d 1250, 1253(¶ 13) (Miss. *1287 Ct.App.2000). Once a court has personal jurisdiction over the defendant at the time of divorce, the court is presumed to have continuing jurisdiction. Powell v. Powell, 644 So.2d 269, 274 n. 4 (Miss.1994). A court is also required to act in a manner consistent with due process of law. Bryant, 493 So.2d at 938. Due process requires notice. Sinquefield v. Valentine, 160 Miss. 61, 133 So. 210, 211 (1931). The Sinquefield case dealt with a void child custody order; however, the rule applies in this case.
¶ 17. The Court has revised Mississippi Rule of Civil Procedure 81 to require new personal service of a summons on a party in a contempt case involving domestic matters. Peeples v. Yarbrough, 475 So.2d 1154, 1156 (Miss.1985). Although a Rule 81 summons must be served and personal jurisdiction is not lost once a court has personal jurisdiction over the defendant at the time of the divorce, Rule 81 matters (such as contempt), because of their nature, require special notice. Powell, 644 So.2d at 274. In reviving a dormant action, Rule 81 notice provides protections similar to those for commencing an action. Sanghi, 759 So.2d at 1258(¶ 36). Furthermore, compliance with Rule 81 is mandatory. Powell, 644 So.2d at 274. Therefore, in order to have a valid judgment, a Rule 81 summons is required as notice to satisfy due process in a contempt action for back child support and maintenance.

b. Existence of a M.R.C.P. Rule 81 Summons.
¶ 18. Our inquiry now is whether a Rule 81 summons was issued prior to the December 5, 1994 contempt judgment. In the chancellor's judgment on December 5, 1994, and bench opinion of February 13, 2001, she found jurisdiction over the parties and the subject matter.
¶ 19. The chancellor's bench opinion held that Wallace was properly noticed in accordance with the requirements of a Rule 4 summons, but never specifically stated that a summons was actually issued. The chancellor stated that she had jurisdiction over the parties and the subject matter and gave no indication as to the basis of her decision, whether she assumed that a Rule 81 summons existed or whether she concluded that the notice given was sufficient to fulfill the purpose of a Rule 81 summons.
¶ 20. By referring to Rule 4 in her opinion, the chancellor seems to indicate that either a Rule 4 summons was issued or the method of service used to deliver the copies of the notice of hearing and the petition satisfied the Rule 4 requirements. The standard proof of service form in the record indicates that if a summons was issued, it was a Rule 4 summons because it included the following statement, "attach completed acknowledgment of receipt pursuant to Mississippi Rule of Civil Procedure Form 1B." Form 1B is used with a Rule 4 summons, not the required Rule 81 summons.
¶ 21. When proceeding under matters enumerated in Rule 81, a proper 81 summons must be served. Powell, 644 So.2d at 273-74. A Rule 4 summons does not satisfy the requirements of Rule 81. Id. Therefore, if the chancellor's decision was based on a Rule 4 summons being issued, the judgment would be considered invalid.
¶ 22. However, if the chancellor found that Rule 4 was utilized as the method of service, there is no error. Since Rule 81 is silent as to the method of service of the summons, the Rule 4 means of service may be used. Nevertheless, a Rule 81 summons must have been issued for there to be no error in this matter.
*1288 ¶ 23. Cynthia argues that the chancellor's decision of jurisdiction in itself infers that the chancellor found that the appropriate notice existed prior to the judgment of contempt to satisfy the due process requirements. In addition, Cynthia argues that there is a presumption that the chancellor determined that a summons existed because the chancellor never specifically found that a Rule 81 summons was not issued. To support this contention, Cynthia cites to Dungan v. Dick Moore, Inc., 463 So.2d 1094 (Miss.1985), which states that:
with respect to issues of fact where the trial judge made no specific finding but where a determination of such issue was arguably necessary to the ultimate resolution of the case, we are required by our prior decisions and by sound institutional considerations to proceed on the assumption that the trial judge resolved all such fact issues in favor of the appellee.
Dungan, 463 So.2d at 1100. However, on appeal, the issue is whether the chancellor made the correct assumption despite the deficiency in the record, that a Rule 81 summons was issued and served.
¶ 24. Cynthia further contends that the following statement in the filed proof of service suggests that a Rule 81 summons was issued and served, "I, the undersigned process server, served the summons...." Despite the absence of a summons in the record, the chancellor could have relied on the sworn statement made by the officer to conclude that a Rule 81 summons was issued and served. The court has stated that:
[t]he presumption of law is that public officers have performed their duties. And as said by us in the recent case, Walton v. Gregory, 170 Miss. 129, 154 So. 717, with respect to the judgments of courts of general jurisdiction, unless the contrary affirmatively appears from the record, all jurisdictional facts are conclusively presumed to have existed, whether there be recitals in the record to show them or not....
Penton v. Penton, 539 So.2d 1036, 1039 (Miss.1989).
¶ 25. Therefore, Cynthia argues that according to Penton, that despite the deficiency in the record, we must presume that the officer performed his duties of service and presume that all jurisdictional facts conclusively existed, particularly that he served the mandatory Rule 81 summons.
¶ 26. On appeal, Wallace counters the presumption in Penton and the assumption in Dungan that the chancellor determined a Rule 81 summons existed by affirmatively showing that a summons was not issued because it is not docketed in the court file. In the record, the clerk's papers on page 2 of the Chancery Court Index, reflects a "Notice and Petition Executed on Wallace Lee Reichert Nov. 8, 1994." This is a patent inconsistency between the sworn "proof of service" (that a summons and complaint were served) and in the papers that were returned to the chancery court clerk's office, which only included copies of a notice of hearing and petition for contempt. Therefore, in accordance with Penton, the evidence in the record before this Court affirmatively contradicts the existence of a summons, particularly the required Rule 81 summons.

c. Does notice of hearing satisfy the requirements of a Rule 81 summons?
¶ 27. Although we have found that a Rule 81 summons was not issued, our analysis does not end here. We must next address whether a notice of hearing satisfies the purpose and requirements of Rule 81. Cynthia argues that the purpose of Rule 81(d)(5) was met via personal service of process of copies of the petition for *1289 contempt and more importantly, a notice of hearing which stated the date, time, and place.
¶ 28. According to Rule 81(d)(5), the proper procedure would have been to serve Wallace with a Rule 81 summons, commanding Wallace to appear and defend at a time and date for a hearing in the specified court. In addition,
[t]he sample form that sets out the summons also indicates that the case name is to be shown, the suit number, the name of the person being served, and that failure to appear may result in a judgment with monetary or other consequences; the petition that initiated the action also is to be attached. M.R.C.P. Form 1D. These forms are not mandatory, but use of them removes any question of sufficiency under the Rules. M.R.C.P. 84.
Sanghi v. Sanghi, 759 So.2d 1250, 1256 (¶ 28) (Miss.Ct.App.2000). Although the notice sent did contain most of the information that Rule 81(d)(5) required, there was no language commanding attendance or to appear and defend.
¶ 29. The notice of hearing cannot be regarded as a Rule 81 summons. Sanghi, 759 So.2d at 1256(¶ 28). Compliance with Rule 81 is mandatory. Powell, 644 So.2d at 273-74. Contrary to the chancellor's bench opinion, there is no evidence that, "Wallace did appear; he did respond to the notice; and he was also represented by an attorney" at the time notice was given. Wallace did not answer, he did not appear, nor did he have representation at that time. Even if Wallace was aware of the action, Cynthia's failure to comply with the rules for service of process, coupled with the fact that Wallace did not voluntarily appear, prevents a judgment from being entered against him. Sanghi, 759 So.2d at 1257(¶ 33).

d. Void Judgment
¶ 30. A Rule 81 summons is mandatory and absent a Rule 81 summons, the judgment is void. Powell, 644 So.2d at 274. Mississippi Rule of Civil Procedure 60(b)(4) allows relief from a void judgment. If a judgment is void, the trial court has no discretion and must set aside the judgment. Sartain v. White, 588 So.2d 204, 211 (Miss.1991). Consequently, having established that the mandatory Rule 81 summons did not exist and that the notice given does not comply with the required Rule 81 summons in such matters, we reverse the chancellor's judgment of denial on the motion for relief and render the contempt judgment of December 5, 1994, void. This opinion, however, in no way precludes Cynthia from pursuing the vested child support due under the original child custody and support orders.
¶ 31. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS REVERSED AND THE CONTEMPT JUDGMENT IS RENDERED VOID. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, P.J., BRIDGES, THOMAS, IRVING, MYERS and CHANDLER, JJ., concur.
McMILLIN, C.J., dissents with separate written opinion joined by SOUTHWICK, P.J., and LEE, J.
McMILLIN, C.J., dissenting.
¶ 32. I respectfully dissent. It is my view that the order finding Mr. Reichert in contempt was not absolutely void. I concede that the order was improperly entered because the procedure set out in Mississippi Rule of Civil Procedure 81 to inform Mr. Reichert of the impending contempt hearing was not followed. Nevertheless, in the context of this case, I believe that fact makes the order one that *1290 was erroneously entered and, thus, voidable, rather than absolutely void.
¶ 33. A judgment is absolutely void and, therefore, subject to attack at any time in three basic instances: (a) where the court lacks jurisdiction over the affected party, (b) where the court lacks jurisdiction over the subject matter, and (c) where the court acted in a manner inconsistent with due process of law. Bryant, Inc. v. Walters, 493 So.2d 933, 938 (Miss.1986). "A judgment cannot be set aside simply because it is erroneous." Id. at 937.
¶ 34. In this case, the jurisdiction of the court over the person of Mr. Reichert and over the subject matter of the contempt proceeding existed without doubt. Sanford v. Arinder, 800 So.2d 1267, 1270(¶ 9) (Miss.Ct.App.2001).
¶ 35. The sole issue, therefore, becomes whether the court "acted in a manner inconsistent with due process of law." Miss. Dep't of Human Serv. v. Shelby, 802 So.2d 89, 96(¶ 28) (Miss.2001). I would hold that it did not, even though the order was entered erroneously because of the failure to provide proper notice of the hearing to Mr. Reichert. Despite the fact that Mr. Reichert did not receive notice according to the prescribed rules, he was nevertheless a party to the proceeding subject to the jurisdiction of the court. The lack of proper notice was not so fundamental a failing in procedure as to render the order absolutely void since the processes available to Mr. Reichert, as a party to the proceeding, to seek relief from the entry of an order affecting him must be measured both from a pre-entry and post-entry standpoint. The true measure of the process afforded Mr. Reichert, therefore, must necessarily include relief available to him under the provisions of Mississippi Rule of Civil Procedure 60. That rule affords a party the opportunity to obtain relief from a judgment or order for reasons that include "any other reason justifying relief from the judgment." M.R.C.P. 60(b)(6). Certainly, an order entered without proper notice to a party would entitle the affected party to relief under that provision of the rule even in the case where the court had the requisite jurisdiction over the party and over the subject matter of the proceeding. The mechanism to correct the inevitable errors that occur in the conduct of litigation-such as failure to provide proper notice of a hearing-is sufficient, in my view, to afford Mr. Reichert all the process he was due in the matter of enforcing his support obligations.
¶ 36. There is a caveat attached to obtaining relief under the rule. The rule requires that a motion seeking such relief be brought "within a reasonable time." M.R.C.P. 60(b). In this case, Mr. Reichert certainly learned of the entry of the order of contempt no later than July 24, 1995, when he was incarcerated on the strength of that order. Because I believe the order to be voidable rather than absolutely void for the reasons set out earlier, I would contend that it was incumbent upon Mr. Reichert, were he desirous of setting aside this erroneous order, to undertake appropriate action under Rule 60(b) within a reasonable time thereafter. I would further contend that, on its face, waiting for a period of approximately six years to seek to attack the improperly entered order, without an articulated excuse for the delay, was an unreasonable period of time and that the chancellor was correct in denying relief on that basis.
¶ 37. I would affirm the chancellor's decision.
SOUTHWICK, P.J., and LEE, J., join this separate written opinion.