870 So.2d 677 (2004)
Michael David FLOYD, Appellant,
v.
Leah Marie FLOYD, Appellee.
No. 2002-CA-01107-COA.
Court of Appeals of Mississippi.
April 13, 2004.
*678 James B. Wright, Gulfport, attorney for appellant.
Leah Marie Floyd, appellant, pro se.
Mark H. Watts, Pascagoula, attorneys for appellee.
Before SOUTHWICK, P.J., BRIDGES, THOMAS AND GRIFFIS, JJ.
BRIDGES, J., for the Court.
¶ 1. Michael Floyd is appealing the chancellor of Jackson County's decision to deny both his motion to set aside his divorce order and his motion to set aside his order of contempt.

STATEMENT OF THE ISSUE
I. WHETHER THE CHANCERY COURT ERRED IN FINDING THAT THE DEFENDANT WAS GIVEN PROPER NOTICE UNDER RULE 81 OF THE MISSISSIPPI RULES OF CIVIL PROCEDURE?

FACTS
¶ 2. In late February of 1999, Leah Floyd filed a complaint for divorce. Her husband, Michael Floyd, was personally served and his attorney filed an answer on his behalf. Michael's attorney requested DNA testing and filed a motion to compel. Leah's attorney filed a request for temporary relief which was signed by the special master and approved by the trial judge in November. On May 3, 2000, both parties appeared before the court. At that hearing the parties reached a verbal agreement regarding property settlement and Michael specifically answered that he understood and agreed to the settlement agreement. Michael never signed the divorce papers that were drafted as a result of those proceedings even though Leah attempted to reach him through personal service and service through his attorney.
¶ 3. In October 2000, Leah filed a motion for contempt regarding Michael's failure to comply with the order for temporary relief. Then in an order dated November 6, 2000, Michael's attorney was permitted to withdraw as counsel and in the same order the hearings on the motion for contempt was set for January 3, 2001. The clerk's general docket reflects that two notices of the court setting the hearing for the contempt motion for January were issued. In December 2000, notice was given by the court setting the trial date for June 13, 2001, with testimony taken in January.
¶ 4. Following the January 3, 2001, hearing an order was issued finding Michael in *679 contempt and sentencing him to thirty days and also ordering him to pay $1,106 in child support arrearages and $990 in attorney's fees. On June 13, 2001, a judgment for divorce was entered incorporating the verbal agreement reached at the May 3, 2000 hearing. Michael was not at either of these hearings. Through counsel he requested the trial judge to set aside the findings in both citing Leah's failure to comply with the requirements of Rule 81. Michael is appealing the trial judge's refusal to set aside the January 2001 contempt order and the June 2001 judgment of divorce.

ANALYSIS
I. WHETHER THE CHANCERY COURT ERRED IN FINDING THAT THE DEFENDANT WAS GIVEN PROPER NOTICE UNDER RULE 81 OF THE MISSISSIPPI RULES OF CIVIL PROCEDURE?
¶ 5. When Leah filed her complaint she properly served Michael with a Rule 81 summons. Michael answered the complaint and appeared in court for the first hearing. These actions gave the Chancery Court of Jackson County personal jurisdiction over Michael in this matter. It appears from the court docket that notice was sent when the hearings were set for January 3, 2001, at 9:30 a.m. and June 13, 2001 at 9:30 a.m. However, Michael argues these notices were not made with a Rule 81 summons and therefore they were improper and he should not be bound by the results of the hearings. Copies of these notices were not provided for review on appeal.
¶ 6. Rule 81(d) enumerates certain matters which require thirty days' notice and some which require seven days' notice by summons to a specific time and place. The motion for contempt filed by Leah is a seven day matter and the motion to enforce divorce settlement is a thirty day matter. Notice for the contempt motion is entered on the court docket as October 24, 2000, and the hearing was held on January 3, 2001, which was more than seven days' notice. And this notice was issued fourteen days before Mr. Taylor was allowed to withdraw as Michael's counsel. Notice for the motion to enforce divorce settlement is listed on the court docket on December 20, 2000 and the hearing was set for June, 13, 2001. This gave more than thirty day's notice.
¶ 7. In Serton v. Serton, 819 So.2d 15 (Miss.Ct.App.2002), on one issue Mr. Serton was before the chancellor facing contempt charges for failure to pay child support. Although Mr. Serton was at the hearing, this Court did not allow Mr. Serton's order of contempt to stand because he had not been properly served. Id. at 21(¶ 24). The certificate of service for the motion stated that it was served by mail and the court found no proof that a Rule 81 summons had been issued. Id. at (¶ 23). In its ruling the Court states that "service by mail, without an accompanying summons issued in accordance with the dictates of Rule 81(d)(5), does not provide the requisite service of process which will enable the court to act." Id. at (¶ 24). (citing Caples v. Caples, 686 So.2d 1071 (Miss.1996); Sanghi v. Sanghi, 759 So.2d 1250 (Miss.Ct.App.2000)).
¶ 8. In Caples, the case that Serton cites as authority, Mr. Caples received notice and a summons to a hearing to modify child custody. Caples, 686 So.2d at 1074. However, the Mississippi Supreme Court found the notice to be defective and refused to uphold the hearing's findings. Id. It found that service was defective because the summons did not fully comply with either Rule 81(d)(4) or Rule 81(d)(5), in that it required Mr. Caples to answer the *680 motion and failed to provide a time and place for the hearing. Id.
¶ 9. "Although a Rule 81 summons must be served and personal jurisdiction is not lost once a court has personal jurisdiction over the defendant at the time of the divorce, Rule 81 matters (such as contempt), because of their nature, require special notice." Reichert v. Reichert, 807 So.2d 1282, 1287 (citing Powell v. Powell, 644 So.2d 269, 274 (Miss.1994)). Reichert also holds that a notice of hearing is not a sufficient notice to comply with Rule 81 and that this rule must be strictly complied with in order for the judgment to be valid. Reichert, 807 So.2d at 1289.
¶ 10. In the case at bar the motion for contempt and the notice of the second hearing for the judgment of divorce are separate matters listed under Rule 81(d) and both require a proper Rule 81 summons. Had the first hearing for the judgment been properly continued on the record, a second summons would not have been necessary for that issue. Sanghi, 759 So.2d at 1257(¶ 32). In the notice that was sent, the docket entries indicate that for both proceedings notice was issued of the court's setting the motion for a date and time specific but it does not specifically mention that the notices were a Rule 81 summons. No physical copies of these notices were provided for our review, so the specifics of their content are not known.
¶ 11. In Leah's motion for contempt, her certificates of service provide that she mailed a copy of the motion to Michael's attorney on September 6, 2000. This document also contains a "Notice of Motion" which does provide a time and place for the hearing, October 18, 2000, which would have been sufficient; however, it was not the date on which the hearing was eventually held. This hearing was held on January 3, 2001, and no item, either in the records or listed on the docket, reflects that anything was issued regarding the change, except the docket entry of notice on October 24, 2000.
¶ 12. The motion for a second hearing to enforce the divorce agreement was filed by Leah on July 25, 2000, and its certificate of service stated that a copy was mailed to Michael's attorney on that same day. This certificate of service did not contain a "Notice of Hearing," giving the date and time of the hearing. It appears from the docket entries that notice was issued regarding the setting of the hearing for August 18, 2000, but again the date was changed and another notice was sent. The hearing was eventually held on June 13, 2000.
¶ 13. Rule 81 requires strict compliance. The docket does not reflect that summons was issued for either of the hearings and neither party provided a copy for the Court's review. This Court finds that Mrs. Leah Floyd did not strictly comply with the requirements of Rule 81 in her motions for contempt and motion to enforce their divorce agreement. Therefore, the judgment of divorce and the order of contempt are held to be void and are reversed and remanded.
¶ 14. THE JUDGMENT OF THE JACKSON COUNTY CHANCERY COURT IS REVERSED AND REMANDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.