ISHEE, J.,
dissenting:
¶ 17. I respectfully dissent from the majority’s opinion. I find the chancery court did not abuse its discretion in granting the divorce based on cruel and inhuman treatment. Therefore, I would affirm the chancellor’s decision.
¶ 18. “Under our standard of review, we view the facts of a divorce decree in a light most favorable to the appellee, and may not disturb the chancellor’s decision unless we find that decision to be manifes^ ly wrong or unsupported by substantial evidence.” Serton v. Serton, 819 So.2d 15, 18 (¶ 10) (Miss.Ct.App.2002) (citing Mullins v. Ratcliff, 515 So.2d 1183,1189 (Miss.1987)).
¶ 19. In situations similar to the one at hand, it is often difficult to discern what rises to the level of cruel and inhuman treatment and what is considered mere unkindness, rudeness, and incompatibility. Accordingly, “the chancellor as the trier of fact evaluates the sufficiency of the proof based on the credibility of the witnesses and the weight of their testimony.” Id. at 18 (¶ 12) (citing Richard v. Richard, 711 So.2d 884, 888 (¶ 13) (Miss.1988)). While it is possible that a different trier of fact could' have reached an alternate conclusion based on the facts of this case, I nonetheless find the chancellor did not abuse his discretion by granting a divorce on the ground of cruel and inhuman treatment.
1120. Amanda testified to several occasions where force or attempted force was used against her by Khari. In one instance, Khari knocked a telephone out of Amanda’s hand, and the telephone hit her in the face. Khari then chased her, at which point she ran from the house and ultimately escaped in her car. In a separate incident, Khari came towards her in a forceful manner and called her a derogatory name. During a different heated event, the sheriffs department was called to their house. When questioned, Khari admitted “words were exchanged,” but insisted he did not hit Amanda. Finally, after the couple had separated, Khari took the keys out of Amanda’s car and refused to return them. Ultimately, the police had to be summoned to retrieve the keys.
¶ 21. Based on the foregoing acts taken together, I find it was reasonable for the chancellor who heard the evidence to determine the elements of cruel and inhuman treatment were sufficiently established and corroborated. Furthermore, although Amanda cited adultery as the basis of her complaint for divorce, I find that she sufficiently pleaded the elements of cruel and inhuman treatment at trial such that it was not an abuse of discretion to grant the divorce on that ground. Accordingly, I would affirm the chancellor’s grant of the divorce based on cruel and inhuman treatment.
CARLTON, J., JOINS THIS OPINION.