United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-61010
Summary Calendar

———————————

BOBBY SERTON,

Plaintiff-Appellant,

versus

BILLIE SOLLIE, Individually and as Sheriff of Lauderdale
County, Mississippi; DORIS CALLAHAN, Individually and as
Jail Administrator; SARAH P. SPRINGER, Individually and as
Chancellor of Lauderdale County, Mississippi; LAUDERDALE
COUNTY BOARD OF SUPERVISORS; LAURENCE PRIMEAUX; WILLIAM B.
JACOB,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:01-CV-90-LN
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Bobby Serton has appealed the district court's judgment

dismissing his civil action asserting various claims related to

his incarceration for civil contempt for failure to pay past-due

child support. See Serton v. Serton, 819 So. 2d 15 (Miss. Ct.

App. 2002). In his amended complaint, Serton named as

defendants: Billy Sollie, the Sheriff of Lauderdale County,

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mississippi; Doris Callahan, Jail Administrator; Sarah P. Springer, chancellor of the Twelfth Chancery Court; the Lauderdale County Board of Supervisors ("Board of Supervisors"); attorney Lawrence Primeaux; and attorney William Jacob. The district court dismissed the claims against Chancellor Springer and granted motions for summary judgment by the remaining parties.

Serton contends that the district court erred in holding that Chancellor Springer was entitled to judicial immunity and in granting her motion to dismiss. We review the district court's dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a claim de novo. Brown v. NationsBank Corp., 188 F.3d 579, 585 (5th Cir. 1999). Judicial officers are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993). Judicial immunity may be overcome only by showing that the actions complained of were nonjudicial in nature or were taken in the complete absence of all jurisdiction. Mireless v. Waco, 502 U.S. 9, 11-12 (1991). Serton has failed to make such a showing. See Malina v. Gonzales, 994 F.2d 1121, 1124-25 (5th Cir. 1993).

Serton contends that the district court erred in granting the motions for summary judgment filed by attorneys Primeaux and Jacob, Sheriff Sollie, and Jail Administrator Callahan. Summary judgment is appropriate "if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000) (internal quotations and citation omitted).

Defendant Primeaux represented Serton in the divorce action prior to being permitted to withdraw. See Serton, 819 So. 2d at 17. Characterizing Serton's claim against Primeaux as a legal-malpractice action, the district court held that Serton's claims against Primeaux are time-barred under state law. Serton contends that the limitation period should be equitably tolled because he suffered from a mental deficiency. Under state law, limitation periods are tolled during periods in which the claimant is disabled by "infancy or unsoundness of mind." MISS. CODE ANN. § 15-1-59 (West 2003). "The test as to whether the claimant is so mentally incompetent as to toll the running of the statute of limitations, is this: Is his mind so unsound, or is he so weak in mind, or so imbecile, no matter from what cause, that he cannot manage the ordinary affairs of life?" USF&G Co.

v. Conservatorship of Melson, 809 So. 2d 647, 653 (Miss. 2002) (internal quotation marks omitted). Serton stated in his affidavit in opposition to the motion for summary judgment that he became suicidal and "mentally incompetent" on June 13, 2000. That one is suicidal does not establish that his mind is so unsound that he is unable to manage his ordinary affairs. Serton's unsupported assertion regarding his mental competency is not sufficient to show that there was a genuine issue of material fact with respect to his soundness of mind.

In granting the motion for summary judgment of attorney Jacob, who represented Serton's wife in the divorce proceeding, the district court held that Serton had failed to show that Jacob's alleged statutory and constitutional violations were the proximate cause of Serton's incarceration for contempt of court. Serton contends on appeal that Jacob's failure to serve him properly with notice of a September 7, 1999, contempt hearing prevented him from proving to the trial court his inability to pay the child support arrearages and that Jacob obtained the judgment of divorce fraudulently by causing him to be incarcerated. Serton contends that Jacob violated his right to due process by obtaining his incarceration in order to obtain an unfair advantage in the divorce proceeding.

In its opinion and judgment, dated April 21, 1998, the state court found Serton in contempt, but suspended incarceration on the condition that he purge himself from contempt. Serton's

failure to comply with the court's orders resulted in his incarceration for contempt on September 7, 1999. Jacob stated in his affidavit filed in support of the motion for summary judgment that Serton was notified by mail of the hearing. Serton did not state in his affidavit in opposition to the motion for summary judgment that he did not know that the matter had been set for hearing. There is no genuine issue whether Jacob's failure to personally serve Serton with process was the proximate cause of his incarceration.

Moreover, 42 U.S.C. § 1983 provides a private right of action for persons who have been deprived of a right secured under the Constitution by a person acting under color of state law. Serton contends that Jacob acted as a state actor "when he invoked the enforcement of the purported 'Temporary Agreed Judgment' without service of any summons . . . ." This argument is without merit. "[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." See Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 678 (5th Cir. 1988). Private attorneys may, however, be liable under 42 U.S.C. § 1983 if they conspire with governmental officials. See id. Serton does not argue on appeal that Jacob conspired with a government official.

Underlying Serton's various claims against Sheriff Sollie and Jail Administrator Callahan is the question whether Serton's status as a person incarcerated for civil contempt affects the

analysis of his constitutional claims. We assume without deciding that Serton's claims should be analyzed in light of the standards applicable to claims asserted by pre-trial detainees.

The standard applied in analyzing constitutional challenges by pretrial detainees hinges upon the classification of the challenge as an attack on a condition of confinement or as an episodic act or omission. Hare v. City of Corinth, 74 F.3d 633, 644 (5th Cir. 1996) (en banc). Conditions of confinement claims are analyzed under the reasonable-relationship test of Bell v. Wolfish, 441 U.S. 520 (1979). Under this standard, a constitutional violation exists only if it is determined that the complained-of condition is not reasonably related to a legitimate, non-punitive governmental objective. See Hare, 74 F.3d at 640. When the complained-of harm involves an episodic act or omission, the claimant must show that the individual defendant acted with subjective deliberate indifference to the detainee's constitutional rights. See id. at 649 n.4.

Serton's main complaint on appeal is that he was housed in administrative segregation on 23-hour lockdown from May 9, 2000, to October 18, 2000, without predeprivation notice and hearing. See Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). In considering whether a condition of confinement resulted in the deprivation of liberty without due process of law, the inquiry focuses on whether the condition or restriction was punitive because the State may not punish pretrial detainees. Bell, 441

U.S. at 535. The fact that "detention interferes with the detainee's understandable desire to live as comfortably as possible" does not equate to punishment. Id. at 537. However, an arbitrary or purposeless restriction on a pretrial detainee leads to the inference that the restriction is punitive. See Olgin v. Darnell, 664 F.2d 107, 109 (5th Cir. 1981). "[T]he effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inferences that such restrictions are intended as punishment." Id. (quoting Bell, 441 U.S. at 540).

The summary judgment evidence reflects that Serton's placement in 23-hour lockdown was for his own protection and for the protection of other inmates and was not punishment for a disciplinary violation. Serton's conclusional statements and suppositions in his affidavit are not sufficient to show that there is a genuine issue whether the lockdown was punitive. Nor has Serton shown that there is a genuine issue whether Sheriff Sollie and Jail Administrator Callahan acted with subjective deliberate indifference to Serton's right to due process. See Hare, 74 F.3d at 649 n.4.

For the same reasons, Serton cannot show that Sheriff Sollie and Jail Administrator Callahan acted with subjective deliberate indifference by taking his walking cane away. The summary judgment evidence shows that the cane was taken because Serton

used it to threaten other inmates.  On appeal, Serton contends only that the reasons for taking the cane away were insufficient and that his cane was taken away because he was accused falsely by other inmates of threatening behavior.

This claim implicates the adequacy of the medical care provided in the jail.  "[T]here is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care."  Gibbs v. Grimmette, 254 F.3d 545, 548 (5th Cir. 2001).  To establish liability, a pretrial detainee must "show that a state official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted."  Wagner v. Bay City, Tex., 227 F.3d 316, 324 (5th Cir. 2000); see Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "'Deliberate indifference' requires that the official have subjective knowledge of the risk of harm."  Wagner, 227 F.3d at 324.

Serton contends that he had a medical prescription for the cane prior to his incarceration and that he told the jail medical staff of this fact on his arrival at the jail.  This fact, if true, does not show that Sheriff Sollie and Jail Administrator Callahan were subjectively aware of this fact or that they acted with deliberate indifference to Serton's need for a cane.  See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.").

Serton complains that he became depressed and suicidal while in lockdown and that Sheriff Sollie and Jail Administrator Callahan acted with deliberate indifference to his mental condition. The record reflects that, after Serton threatened to commit suicide, he was placed on suicide watch until he could be seen by a counselor. Serton argues only that Sheriff Sollie and Jail Administrator Callahan caused his depression by putting him in lockdown, by taking his cane away, and by making him uncomfortable. These allegations do not show that the defendants acted with deliberate indifference to his mental condition.

Serton contends that he became diabetic as a result of the stress of incarceration and that he was not provided with immediate treatment. These allegations do not show that the defendants acted with deliberate indifference to a serious medical condition. The record reflects that Serton's diabetes was treated.

Serton has raised no issue with respect to the granting of summary judgment for the Board of Supervisors or with respect to his Fourth Amendment, denial-of-access-to-courts, and state-law tort claims. Accordingly, those claims are abandoned. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

The judgment is AFFIRMED.